WILLIAM H. HURT v. JACOB W. MOORE.

A judgment enforcing a lien on land, which did not contain any intelligible description of the land, nor any reference to any matter of record, or other matter accessible to the Sheriff, by which he may ascertain upon what land he is to levy the execution, was reversed, so far as the order for the enforcement of the lien was concerned, and affirmed as to the judgment for the recovery of the money.   The petition being equally defective, the judgment could not be reformed : but as the plaintiff had not been called upon by any exception to amend in that particular, the case was remanded to give him an opportunity to make the necessary amendment.

Error from Anderson.   Tried below before the Hon. John H. Reagan.

Suit by appellee against appellant, on a promissory note.

The petition contained the following allegation :   That said promissory note was executed in part consideration of a certain tract of land sold by said plaintiff to said Hurt,

and described as follows, to-wit : situated in the County of Anderson and State aforesaid, near the town of Palestine, it being the remaining portion of a thirty-one and one-half acre tract which was sold to the said Hurt by one Wm. M. Micheaux, and which said land was afterwards conveyed to the said Hurt and wife, by the said Moore, and afterwards resold by the said Moore to the said Hurt, together with the improvements thereon, and for which he executed to the said defendant his title-bond, which is in possession of said defendant, and which he prays the said defendant may be required to produce on the trial of this cause, or account for the same. Prayer for judgment, and that the land be sold.

*A. J. Hood,* for plaintiff in error, argued that the judgment, in so far as it ordered a sale of the land was too uncertain, and that the result would be to sacrifice the land, and cited Runnington, 122, 123 ; Berry v. Wright, 14 Tex. R. 270 ; Hubert v. Bartlett, 9 Id. 97 ; Jackson v. Rogers, ·7 Johns. R. 217 ; Jackson v. May, 16 Id. 184.

*E. H. Horrell,* for defendant in error, cited Coffee v. Silvan, 15 Tex. R. 354, and suggested delay.

WHEELER, J. The judgment enforcing the lien does not contain any intelligible description of the land ; nor does it contain any reference to any matter of record, or other matter, accessible to the Sheriff, by which he may ascertain upon what land he is to levy the execution.   If he were to attempt its execution according to the directions which the plaintiff might give, he would incur a risk to which it would be unreasonable to subject him.   The description of the land ought to be such that the Sheriff may ascertain with certainty, without relying on the plaintiff for information, upon what he is to levy the execution.   And for the want of it, the judgment enforcing the lien must be reversed.   The petition contains no more certain description of the land than the judgment.   But as the

plaintiff was not called upon by any exception to amend in that particular, he ought to have the opportunity to do so, afforded ; and to that end the cause will be remanded. As there is no error in the judgment upon the money demand, it will be in so far affirmed.

Ordered accordingly.