## ANDREW NEILL v. JAMES M. BAKER.

Judgment by default on two notes, one for $950, the other for $800, taken against two defendants in a suit instituted on the 10th of April, 1860. Writ of error prosecuted by one defendant, who was not served with process, but as to whom the following instrument is relied on as a waiver of process and acceptance of service, to wit: "J. M. B., having instituted suit on a note given by A. N. and two others, for $950, due 1st March, 1860, now I, said A. N., hereby acknowledge service of said suit, and waive all process, this 8th April, 1860. Signed, A. N." The case being submitted in this court, with a suggestion of delay, it is *held*, that the instrument above set out cannot be taken as a waiver of process or acceptance of service in this suit, because, first, it clearly imports that the suit to which it relates had already been instituted at its date, whereas this suit was not instituted until two days thereafter; and, secondly, this suit is founded on two notes amounting to nearly double the amount of the single note to which alone the instrument has reference. That, the language of the instrument being so clear as to leave no room for construction or presumption, this court is precluded from indulging the ordinary presumption in favor of the correctness of the judgment. Wherefore, for want of service of process on the plaintiff, or waiver by him in lieu thereof, the judgment must be reversed, not only as to him, but also, being an entirety, as to his co-defendant, although he had properly accepted service, and had not joined in the writ of error.

ERROR from Guadaloupe. The case was tried before Hon. A. W. TERRELL, one of the district judges.

The facts of this case appear fully in the opinion.

*A. Neill*, for the plaintiff in error.

*John Ireland*, for the defendant in error, suggested delay.

COKE, J.—This is a judgment by default rendered in the District Court of Guadaloupe county, against Neill, the plaintiff in error, and one William M. Rust, who does not join in prosecuting the writ of error.

It is submitted by defendant in error with a suggestion of delay.

Neither of the defendants in the court below were served with process. Rust, on the 8th day of October, 1860, by indorsement on the petition, acknowledged service, and waived the issuance of process.

A paper is found in the record with no file-mark on it, which reads as follows:

"J. M. Baker, administrator, having instituted suit on a note given by A. Neill, William M. Rust, and William S. Read, for $950, due 1st March, 1860: Now I, said Neill, hereby acknowledge service of said suit, and waive all process, this 8th April, 1860.    (Signed)    A. Neill."

This paper is relied on as a waiver of the issuance of process, and acceptance of service in this case by the appellant, Neill. We are of the opinion that such is not its legal effect.

There is no ambiguity in this paper, its terms are clear and distinct, and its meaning is plain and unmistakable.

We are aware of no rule of construction authorizing us to give it any other signification than that derived from the clear import of its terms. The plaintiff in error, Neill, in this paper, waives the issuance of process in a suit which, previous to its date, had been instituted by J. M. Baker,

on a note for $950. Is this the suit described in that paper? We think clearly not. This suit was commenced on the 10th day of April, two days after the date of this waiver, and is instituted for two notes, one for $950, and the other for $800.

We certainly cannot presume that Neill, the plaintiff in error, when he expressly states in this paper that the suit in which he waived service had already been instituted, intended to waive service in a suit thereafter to be instituted. Nor can we presume that when he waives service of a suit on a note for $950, that he intended it as a waiver in a suit brought on two notes, amounting in the aggregate to nearly twice that amount. If the language of this waiver were of doubtful import, and anything left to be supplied by construction or presumption, we might well presume in favor of the correctness of the judgment; but such is not the case, it is full and explicit, and nothing is left to presumption. Because there was no service of process on plaintiff in error, Neill, and no waiver of service by him, the judgment is erroneous, for which it is reversed, and the cause remanded for further proceedings. The judgment, being entire, is also reversed as to the defendant, Rust, who has not joined in prosecuting the writ of error.

REVERSED AND REMANDED.