WILLIAM A. BROWN ET AL. v. ALEXANDER T. ROBERTSON, ADMINISTRATOR.

The 14th section of the act of 12th May, 1846, defining the office and duties of sheriff, reads as follows: "Every sheriff and deputy sheriff shall indorse on all process and precepts coming to their hands the day on which they received them, the manner in which they executed them, and the day when they executed them, and shall sign their return officially." (Paschal's Dig., Art. 5121, Note 1122.)

The 14th section of the act of 13th May, 1846, to regulate proceedings in the district court, reads as follows: "The sheriff, or other officer receiving any process, shall indorse thereon the day on which he received it, and shall execute the same, where not otherwise directed by the writ or citation, by delivering to the party or parties in person, upon whom he is required to serve it, a copy thereof, and a copy of the petition accompanying it, if there be one, if the party can be found; when the process directs other mode of service, it shall be executed according to the requirements of the process." (Paschal's Dig., Art. 1433, Note 545.)

A sheriff's return which was in the following words was insufficient: "Came to hand, &c. Delivered a copy of the citation and a certified copy of the petition to Mrs. Brown:" *Held*, that the return was insufficient for want of the christian name.

It must appear with reasonable certainty that the citation has been served on the party for whom it was intended.

A return of service by a sheriff must show with reasonable certainty that the person served is the defendant for whom the citation is intended; and it is more satisfactory for the return positively to identify the person served with the defendant, rather than that the court shall be left to determine the identity by inference or deduction. (Paschal's Dig., Art. 1433, Note 545.)

It has been usual to hold a return to be sufficient if it show service upon a person of the same name with the defendant, and the inference of identity thus indulged has been stretched to the extent of sustaining returns when the initials of the christian or given name of the party served corresponded with those of the defendant. This, in the opinion of the court, is the utmost limit to which presumption and inference can with propriety be extended in this direction. (Paschal's Dig., Art. 1433, Note 545.)

Citation for "Parmelia Brown" was returned by the sheriff as served upon "Mrs. Brown:" *Held*, that the return does not afford a sufficient presumption of the identity of the person served with the defendant named in the writ, and that a judgment by default taken on such defective return cannot be sustained.

In this case there was a general judgment by default against several defendants, and also judgment foreclosing a mortgage given by a husband and his wife, two of the defendants, to secure the debt sued for. The judgment directed the sale of the mortgaged property before issuance of execution on the general judgment: *Held*, that the judgment, being reversed as to the female mortgagor on account of defective return of service, must also be reversed as to the other defendants, although the service upon them was good.

ERROR from Collin. The case was tried before Hon. R. L. WADDILL, one of the district judges.

Suit by the defendant in error, as administrator of Robert Skaggs, deceased, against William A. Brown, David E. Best, and James H. Lovejoy, on their promissory note for $2,332, and also against said Brown and his wife, Parmelia Brown, to foreclose a mortgage executed by them upon land to secure the payment of the note sued on.

The sheriff's return as to Parmelia Brown is given in the syllabus. The judgment was by default.

*John C. Easton*, for plaintiffs in error.

No brief for defendant in error furnished to the *Reporter*.

MOORE, C. J.—The return of the sheriff on the citation to Mrs. Parmelia Brown does not show with sufficient certainty that it was served upon her to sustain the judgment taken upon it by default. The sheriff is required to execute the citation by delivering to the party upon whom he is directed to serve it a copy of the writ, and he must by his return show the time and manner of serving the writ. It is therefore evident, that it must appear with reasonable certainty from the return of the sheriff that the citation has been served on the party for whom it is intended. It would certainly be more satisfactory for the sheriff in all cases to state in his return, that the party upon whom he had served the citation was the defendant to whom it was directed, rather than for the court to be left to determine this from inference and deduction. It has, however, been usual to hold the return sufficient, if the sheriff state that he has delivered the copy of the citation and petition to a party of the same name with the defendant. In such cases it is the fair and reasonable conclusion, that the writ has been served upon the party for whom it was intended; and this inference has been stretched to the extent of sustaining returns when the initials of the christian name, or the initials of the name preceding a surname of a party upon whom the citation is served, are similar to those of the defendant named in the writ. But to sustain the present judgment, it would be necessary to go even a step beyond this. The sheriff is directed in the citation to summon Parmelia Brown, and he returns he has delivered a copy of the citation and certified copy of the petition to "Mrs. Brown." This, in our opinion, does not afford sufficient presumption of the identity of the person upon whom the citation has been served with the defendant

named in the writ to warrant the judgment. The presumption and inferences to sustain returns not strictly formal have, in our judgment, been indulged to the utmost limit of propriety, and we are not disposed to extend them further than has been heretofore done.

The judgment directs the sale of the mortgaged property before an execution shall issue against the defendants liable on the note, and as it cannot be sustained, as we have seen, against Parmelia Brown, who is a party to the mortgage, it must be reversed as to all of the plaintiffs in error, although there was sufficient service upon the others.

The judgment is reversed, and the cause

REMANDED.