J. A. Townsend v. J. W. Ratcliff.

1. Sheriff's return—Idem sonans.—Citation was for J. A. Townsend.   The sheriff's return showed service "by delivering to J. A. *Townsen*, the within-named defendant, in person, a true copy," &c.: *Held*, Not to be error to render judgment final by default upon such service.

2. Vendor's lien—Description—Practice.—In a suit for foreclosure of the vendor's lien, where the petition and judgment contain field-notes not in themselves defective, the absence from the record of any proof of identity of the described lands, or their connection with the alleged purchase-money notes, in the absence of a statement of facts, will not be ground for reversal.

3. Judgment by default.—A judgment by default recited that the clerk was ordered to assess the damages, &c., on a promissory note. On error, the absence from the record of such promissory note raises no inference that the note was not in court when the damages were assessed by the clerk and when the judgment final by default was rendered.

Error from Rockwall.   Tried below before the Hon. Green J. Clark.

January 14, 1878, John W. Ratcliff brought suit in the District Court of Rockwall county against J. A. Townsend on two

promissory notes, and to enforce the vendor's lien on two tracts of land, for which the notes were alleged to have been given.

The petition set out the notes, and referred to exhibits as containing field-notes of the two tracts sought to be subjected to the lien.

Citation was issued for J. A. Townsend. The return of the sheriff showed that it was "executed the 22d day of February, 1878, by delivering to J. A. Townsen, the within-named defendant, in person, a true copy," &c.

May 16, 1878, judgment final by default was rendered. The clerk was ordered "to assess the plaintiff's damages, and the clerk having assessed the damages," &c., judgment was rendered for the amount of the first note described. The judgment further recited: "And it further appearing to the court that the first-mentioned note was given for part payment of the purchase-money of the following-described tract of land, to wit, forty acres, [giving field-notes, as in first exhibit,] and that the plaintiff holds the vendor's lien on said tract of land for the payment of the aforesaid note." Then followed an order foreclosing the lien and ordering sale of the land. Like proceedings were had as to the second note described and the second tract of land.

There is no statement of facts or bill of exceptions.

Townsend, by writ of error, sought the reversal of the judgment. The transcript consists of petition and exhibits, citation and sheriff's return, judgment, petition and bond for writ of error, citation and return in error, and assignment of errors.

*J. L. Stanfield*, for plaintiff in error.

I. The court erred in rendering judgment by default, because the service is not sufficient, the suit being against J. A. Townsend, and the sheriff's return shows the citation served on J. A. Townsen. (1 Paschal's Dig., art. 1433; Thompson *v.* Griffis, 19 Tex., 116; Faver *v.* Robinson, 46 Tex., 205; Underhill *v.* Lockett, 20 Tex., 130.)

II. There was no sufficient description of the land upon

which the vendor's lien was sought to be enforced before the court, to enable it to render a judgment enforcing the vendor's lien.

The description of the land ought to be such as that the sheriff may ascertain with certainty, without relying on the plaintiff for information, upon what he is to levy his execution or order of sale. (Hurt *v.* Moore, 19 Tex., 270; Murray *v.* Land, 27 Tex., 90.)

III. The court erred in rendering judgment enforcing the vendor's lien against the land, without evidence establishing a sale.

The land which the plaintiff below sought to subject to the lien should have been identified and clearly shown by evidence to be subject to the lien, and the decree of the court should have described the land so as to furnish a safe guide to the officer in executing the decree. (Murray *v.* Land, 27 Tex., 90.)

The plaintiff's allegations, giving the defendant notice to produce the deed, were probably sufficient to authorize the plaintiff below to establish the sale by parol; but there was no evidence establishing a sale or the identity of the land.

"A judgment in a court of record must be founded on sufficient legal facts, legally ascertained." (McConkey *v.* Henderson, 24 Tex., 214; Harris *v.* Crittenden, 25 Tex., 327.)

IV. The court erred in rendering judgment by default, without any evidence before the court to establish the fact that such notes as those described in the plaintiff's petition had been made, by the filing and exhibition of the notes sued on, or proof establishing the fact that such notes had been made and were lost or destroyed.

V. The court erred in permitting the clerk to assess the damages, without the original instrument on which to predicate his assessment.

If the cause of action be liquidated and established by an instrument in writing, the clerk may compute the sum due, or it may be found by a jury, if asked by either party. If

the cause of action is unliquidated, a jury shall be impanelled. (Paschal's Dig., art. 1513.)

I submit, that when the plaintiff below fails to file the instrument upon which his suit has been instituted, or even to place the same among the papers in the cause, the clerk cannot compute the amount due. He can only make the computation by an inspection of the instrument itself.

If the original instrument on which the suit is brought is not in court, it cannot be said that the cause of action is established; and it is a question as to whether such instrument was made, and then as to its loss or destruction, if it cannot be produced; and especially is it a question of fact as to whether the note was given for the land described in plaintiff's petition, demanding legal proof. " The statute directs the judgment; the clerk acts as the agent of the statute in writing out and filing the judgment among the records of the court. If the law did not authorize the agent to act, the judgment is without any authority, and is therefore void." (Freem. on Judg., 129.)

If it be claimed that the presumption is in favor of the correctness of the record, then I answer, that the file papers constitute necessary parts of the record, and no one had a legal right to withdraw, especially notes, after judgment rendered thereon, without leave of court and leaving copies.

The court cannot render a judgment on a note by default while that note is still in the hands of the drawee, or some other person, it may be, to be sued upon again in the hands of an indorsee before maturity.

And, again, the defendant against whom a judgment has been rendered by default has the right to inspect the note, as a part of the record, and know for himself that the amount is correctly computed.

MOORE, CHIEF JUSTICE.—The objection that the service of citation does not support the judgment against appellant, is not tenable. The citation commands the sheriff to summon

J. A. Townsend "to answer the plaintiff's petition." The
return of the officer is that the writ was "executed   *   *   *
by delivery to J. A. Townsen, the within-named defendant,
in person," &c.   While it may be true that the name Town-
send, when distinctly and correctly enunciated, cannot be
said to be *idem sonans* as that of Townsen, yet it is a matter
of every-day knowledge that the name Townsend is often
thus inaccurately written and spoken; and we think the court
was not warranted in concluding, in this case, that the defect
in the service of citation is not by reason of service upon a
different person than the defendant named in the petition,
but in merely a mistake of the sheriff in the correct spelling
of the defendant's name.   This being the case, the objection
to the judgment cannot be sustained.   (Faver *v*. Robinson,
46 Tex., 204.)

The petition must no doubt contain an intelligible descrip-
tion of the land against which the vendor's lien is sought to
be enforced.   There must be a description of it, sufficient for
its identification, in the judgment and order of sale.   (Hurt
*v*. Moore, 19 Tex., 269.)   It is not apparent on the face of the
transcript that this has not been done.

So, likewise, as appellant insists, where a judgment by
default is rendered in a suit upon a promissory note and the
damage is computed by the clerk, the note must be before
the court.   But the judgment in this case, in our opinion,
raises no inference that the notes described in the petition
were not in court when the clerk was ordered to compute the
damage for which judgment was to be rendered.

The judgment is affirmed.

AFFIRMED.