### J. W. BOOTH ET AL. v. J. M. HOLMES.

(No. 3597.)

CITATION — RETURN. — Issued to J. W. Booth and returned served on W. Booth, insufficient.

VARIANCE. — Petition, citation and service on John R. *Favers* will not support a judgment by default against John R. *Faver*.

APPEAL from Wise county. Opinion by WALKER, P. J.

STATEMENT. — This was a suit brought by J. M. Holmes against J. W. Booth, M. W. Shoemaker, N. M. Crenshaw and Samuel Woody, on a joint and several promissory note. Defendant Shoemaker only answered that Booth was principal in the note, and the other defendants were his sureties, and prayed that the fact as to that allegation be inquired into by the jury, and judgment be rendered according to facts. Cause submitted to a jury; verdict and judgment for plaintiff against all parties. The jury found that Shoemaker was surety, and the judgment was rendered by default as to all others and against them all in accordance with the above verdict.

The return on citation to J. W. Booth is as follows: "Executed December 6, 1875, by delivering a true copy of the within process to the within named defendant, W. Booth, in person, with accompanying copy of plaintiff's petition, December 6, 1875."

OPINION.— Said service against Booth must be held insufficient under decisions made by the supreme court in Henderson *v.* Pugh, 46 Tex., 211; Brown *v.* Robertson, 28 Tex., 555, and Brown *v.* Marquez, 30 Tex., 77. Also Graves *v.* Robertson, 22 Tex., 132, and Willie *v.* Thomas, 22 Tex., 175. It is held in Faver *v.* Robinson, 46 Tex., 204, that a petition, citation and service on John R. Favers will not support a judgment by default against John R. Faver. The mere misspelling of a defendant's name by the sheriff in his return, where the misspelt name is *idem sonans* with the true name, does not conflict with the rule of certainty. Townsend *v.* Ratcliff, 50 Tex., 148. The defect in the service being apparent upon the record, the objection may be raised in the supreme court by writ of error. 4 Tex., 49; 2 Tex., 422; 25 Tex., 583, and 28 Tex., 368. The reversal as to one of the defendants has the effect to reverse a judgment which is entire as to all defendants, although rendered by default, when one or more parties has not appealed. Burleson *v.* Henderson, 4 Tex., 49; Neil *v.* Baker, 28 Tex., 345.

REVERSED AND REMANDED.