## BOOTHE v. AMERICAN STATE BANK OF AMARILLO.

### No. 3922.

Court of Civil Appeals of Texas. Amarillo.
Jan. 18, 1933.

Rehearing Denied Feb. 22, 1933.

Chas. H. Dean, of Dimmitt, for plaintiff in error.

Morgan, Culton, Morgan & Britain, of Amarillo, for defendant in error.

JACKSON, Justice.

The American State Bank obtained a judgment by default in the district court of Castro county for the sum of $3,973 against C. W. Boothe on his promissory note, and a foreclosure of its lien on certain vendor's lien notes.

C. W. Boothe, by writ of error, prosecutes this appeal, and assails the judgment against him because the sheriff's return on the citation shows no service was had upon him, but discloses that service was had on C. W. Boolhe.

The sheriff's return reads, "Came to hand on the 14th day of October, 1931, at 11 o'clock a. m., and executed in Castro county, Texas, by delivering to each of the within named defendants in person a true copy of this citation at the following times and places, to-wit," giving the name of the party served, and the date, time, and place of service.

We have before us the original return of the sheriff, and the name of the party served appears in handwriting, and, with the exception of crossing the "t," the name in the return is clearly C. W. Boothe.

The practice of failing to cross t's in manuscript is of such frequent occurrence as to constitute common knowledge, and the courts are authorized to take judicial notice thereof.

"Judicial knowledge is but that which is so notoriously known that everybody, including even judges, knows it; and hence there is no need to prove it." 17 Tex. Jur. 168, § 7.

The petition named C. W. Boothe as defendant, the citation commands the sheriff to summon C. W. Boothe to appear before the district court at the proper time and place to answer the plaintiff's petition, and the return recites that the service was had by delivering to "the within named defendants" in person a true copy of the citation.

In Townsend v. Ratcliff, 50 Tex. 148, the court, after stating "The citation commands the sheriff to summon J. A. Townsend 'to answer the plaintiff's petition.' The return of the officer is that the writ was 'executed * * * by delivery to J. A. Townsen, the within-named defendant in person,' etc. While it may be true that the name Townsend, when distinctly and correctly enunciated, cannot be said to be idem sonans as that of Townsen, yet it is a matter of every-day knowledge that the name Townsend is often thus inaccurately written and spoken," holds that the court was warranted in concluding that the defect in the return was a mistake of the sheriff in spelling the defendant's name, and showed service on the defendant, and not upon a person different from "the defendant named in the petition."

In O'Donnell et al. v. Kirkes (Tex. Civ. App.) 147 S. W. 1167, it is said: "The return shows service upon 'R. L. McCalley'; but, if this is not idem sonans with McCaulley, it otherwise appears from the return that the writ was served on the 'within-named defendant,' who is shown to be 'R. L. McCaulley.'"

The plaintiff in error contends that a judgment by default against him foreclosing the pledgee's lien upon the vendor's lien notes in question was not warranted because the citation failed to state that the foreclosure of a pledgee's lien was sought.

The citation, after stating that plaintiff's demand is a suit on a note which is described in detail, continues, "And to foreclose its lien on the following notes," and describes sufficiently the notes upon which the lien is sought to be foreclosed. The citation in this case was issued by virtue of article 2022, R. C. S., which, among other things, provides: "It shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand."

In stating "the nature of plaintiff's demand" in the citation, the statute permits the cause of action to be stated in general terms without requiring the fullness of detail which must be contained in the petition. Hinzie v. Kempner, 82 Tex. 617, 18 S. W. 659; Blake v. Vesey et al. (Tex. Civ. App.) 143 S. W. 221,

and authorities cited. The citation having stated that plaintiff sued to foreclose its lien on certain notes fully described, the failure to state that it was a pledgee's lien did not constitute a fatal defect.

The judgment is affirmed.