## FIRST TEXAS JOINT STOCK LAND BANK v. KAUFMAN COUNTY LEVEE IMPROVEMENT DIST. NO. 13.

### No. 5031.

Court of Civil Appeals of Texas. Amarillo.

May 22, 1939.

Rehearing Denied July 3, 1939.

Ross Huffmaster, of Kaufman, for plaintiff in error.

Felix Atwood, of Ennis, for defendant in error.

FOLLEY, Justice.

The defendant in error, Kaufman County Levee Improvement District No. 13, upon the relation of E. K. Atwood and E. L. Raphael, owners and holders of outstanding bonds against such levee district, filed this suit against the plaintiff in error, First Texas Joint Stock Land Bank, a corporation, who owned 175 acres of land within the levee district in Kaufman County, Texas. The suit was to recover 1936 taxes assessed against the land. The defendant in error recovered judgment by default in the sum of $658 as against the land for such assessment and for foreclosure of its lien as against both the land and the plaintiff in error. No personal judgment against the plaintiff in error was prayed for by the defendant in error and none rendered by the court.

The only complaint made in this court of the judgment below is based upon an alleged defect in the sheriff's return on the citation commanding the appearance of the plaintiff in error. This process directed the sheriff of Harris County to summon the "First Texas Joint Stock Land Bank", and commanded such sheriff to deliver such bank a true copy of such citation together with the accompanying certified copy of the plaintiff's (defendant in error's) petition. In making his return the sheriff recited that he had executed the writ by summoning the "First Texas Joint Land Bank, a corporation, the within named defendant by delivering to Glen A. Egan, Vice President of said First Texas Joint Land Bank, in person, a true copy of this writ, together with certified copy of Plaintiff's original petition". No complaint is made of this process except for this return of the sheriff. The writ is otherwise in conformity to law and was served in the manner authorized by article 2029, as amended by Acts 1933, 43rd Legislature, page 327, chapter 127, Vernon's Ann.Civ.St. art. 2029. It is apparent that the alleged vice in the above return is the omission of the word "Stock" from the corporate name of the bank.

It will be noted that the return states that the corporation summoned was "the within named defendant". The defendant therein named was the "First Texas Joint Stock Land Bank," the true corporate name of the plaintiff in error. The correct name of such bank appeared three times in the citation proper and four times in the original petition, a certified copy of which was attached to the citation. Therefore, that the correct party was sued under its true corporate name is not controverted. The only question that remains is whether or not the sheriff's return was sufficient to show that the correct party was served with the citation.

In Texas Fire Ins. Co. of Waco v. Berry, Tex.Civ.App., 67 S.W. 790, writ refused, it was held that a misnomer of a corporation in the return of the sheriff did not vitiate a judgment by default where such corporation was identified as "the within-named defendant", and was correctly named in the writ. We think the holding in that case is sufficient authority to warrant an affirmance of the judgment herein without further discussion. However, in deference to orthodox judicial custom, we cite additional authorities in support of this proposition, as follows: Black on Judgments, Vol. 1, para. 213; O'Donnell et al. v. Kirkes, Tex.Civ.App., 147 S.W. 1167; Brown v. Robertson, 28 Tex. 555; Townsend v. Ratcliff, 50 Tex. 148; Dunn et al. v. Hughes, Tex.Civ.App., 36 S.W. 1084; Boothe v. American State Bank of Amarillo, Tex.Civ.App., 57 S.W.2d 250; Abilene Independent Telephone & Telegraph Co. v. Williams et al., 111 Tex. 102, 229 S.W. 847; Wandelohr et al. v. Rainey et al., 100 Tex. 471, 100 S.W. 1155; Article 2029, Vernon's Ann.Civ.St.; 11 Tex.Jur. 75, para. 414; 33 Tex.Jur. 883, para. 69.

The judgment is affirmed.