

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00465-CV

_____

NATHA HOSPITALITY GROUP, L.P., Appellant

V.

DAWNYALE SHANKS, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-346973-23

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellee Dawnyale Shanks obtained a no-answer default judgment against Appellant Natha Hospitality Group, L.P. (NHG) for $250,000.00. NHG subsequently filed a motion for new trial seeking to set aside the default judgment, which the trial court denied following a hearing on the motion. NHG timely appealed. On appeal, NHG argues that the trial court abused its discretion by refusing to grant the motion for new trial because NHG's failure to respond to the suit was due to the invalidity of the service of citation, or alternatively, the record reflects that NHG met the criteria for vacating a default judgment established by *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939).

Because the return of service was legally invalid on its face, we reverse the trial court's default judgment and remand the case for further proceedings.

## I. Background

### A. The Pleadings

NHG owns a Super 8 motel located at 2712 East Abram Street, Arlington, Texas 76010. In her original petition, Shanks alleged that on the night of March 17, 2022,[1] she was staying in a room at the motel. That night, City of Arlington police officers went to the motel seeking information about a suspect who the officers

---

[1]While this is the date alleged in Shanks's petition, in a subsequent affidavit, she asserted that the incident made the basis of the lawsuit occurred on March 17, 2021. But because the date of the incident has no bearing on the outcome of this appeal, we merely note the discrepancy in the record.

believed had entered the property after committing an aggravated assault at a nearby gas station. An unidentified staff member at the front desk of the motel eventually directed the officers to the room in which Shanks was staying. Shanks agreed to exit her room to speak with the officers, who upon her exit detained her at gunpoint and placed her in the back seat of a police cruiser, where they interrogated her for approximately one hour before releasing her.

Following this "trauma[tic]" law-enforcement encounter, Shanks sued NHG for her wrongful detention and interrogation, alleging causes of action for negligence, gross negligence, false imprisonment, and intentional infliction of emotional distress and seeking compensatory and punitive damages for mental anguish and emotional distress. In her petition, Shanks asserted that NHG "may be served through its registered agent, Mahendra K. Natha, at 2712 East Abram Street, Arlington, Texas 76010."

## B. The Default Judgment

Nine months after filing suit, Shanks moved for default judgment on the grounds that she had properly served NHG with citation and her petition but that NHG had failed to timely file an answer, thus admitting the substance of her allegations and causes of action. In support of her motion, Shanks attached a copy of the process server's return of service that, having previously been filed with the court for the requisite ten days, attested to the following:

3

> On **10/12/2023** at **11:12 AM**: I served **Citation and Plaintiff's Original Petition** upon **Natha Hospitality Group, LP** by delivering **1** true and correct copy(ies) thereof, with **Natha Hospitality Group, LP, I delivered the documents to Natha Hospitality Group, LP with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired Asian male contact 35[–]45 years of age, 5'10"[–]6'0" tall and weighing 180[–]200 lbs with a beard. Subject served is on Indian descent, he said his name was Maddy and he was the manager on duty** at **2712 East Abram Street, Arlington, TX 76010**.

A copy of the citation itself was not attached to the return, so the identity and address of the registered agent cannot be compared with the identity and address listed in Shanks's original petition.

Although not specifically mentioned in the return's attestation, either by name or by registered agent status, the parties agree that NHG's registered agent at the time was Mahendra K. Natha and that he could be served at 2712 Abram Street, Arlington, TX 76010—the address listed in the return's attestation. Shanks had attached to her motion for default judgment the results of a business organizations inquiry from the Texas Secretary of State's website which showed Mahendra K. Natha as NHG's registered agent and 2712 Abram Street, Arlington, TX 76010, as its address for service of process.

In a four-page affidavit attached to her motion, Shanks again described her detention and interrogation, providing even more details about the alleged incident. Describing the nature of her emotional distress from the incident, she "certified" that

the amount of her damages was $250,000.00, that her attorney's fees were $11,515.00, and that her court costs were $1,280.35.

The trial court granted Shanks's motion and rendered a default judgment against NHG, awarding Shanks $250,000.00 in damages and $1,280.35 in court costs. The trial court declined to award attorney's fees as unavailable for recovery under the circumstances.

## C. The Motion for New Trial

NHG timely filed a motion for new trial seeking to set aside or vacate the default judgment, asserting that, although Mahendra K. Natha was its registered agent and the Super 8 motel's address was its address for service of process, it never received valid service from Shanks. To support its motion, NHG submitted an unsworn declaration from Mitesh Natha, who identified himself as both NHG's current owner and the son of Mahendra. According to Mitesh, Mahendra had not been involved in the day-to-day affairs of the business and had not physically been to the motel since approximately 2010. He further noted that Mahendra was not an individual 35–40 years of age but was 70 years old and that no individual named "Maddy" had been employed at the motel at the time of the purported service. Mitesh categorically denied that NHG had been served with process by Shanks. Neither NHG's motion for new trial nor Mitesh's declaration mentioned the *Craddock* factors or offered any evidence in support thereof.

Shanks opposed NHG's motion on the grounds that NHG had been properly served and had failed to offer any proof in satisfaction of the *Craddock* test for setting aside the default judgment, including the lack of any evidence of a meritorious defense. Shanks did not, however, produce any additional evidence beyond the exhibits she had attached to her motion for default judgment. Shanks simply argued that, by virtue of the process server's attestation, the return of service reflected that the server had confirmed with the individual served that he was, in fact, Mahendra K. Natha, the registered agent for NHG.

**D. The Hearing**

The trial court heard NHG's motion for new trial on September 20, 2024. At the beginning of his argument, NHG's counsel confirmed that the basis of the motion was invalid service. He asserted that Shanks and her counsel had not attempted to contact his firm concerning service despite Shanks's having previously sued and validly served NHG with a suit in federal court concerning the same incident, and despite her clearly knowing of his firm's representation of NHG due to its success in obtaining a dismissal of the federal suit.

The trial court rejected the relevance of counsel's representation of NHG in the federal suit and pivoted to the *Craddock* factors, questioning the absence of a meritorious defense from NHG's motion for new trial. Apparently caught off guard by the trial court's query, given that *Craddock* was not the basis for NHG's motion, counsel indicated (1) that the answer previously filed by his firm on behalf of NHG in

the federal suit had set up such a meritorious defense, (2) that Shanks and her counsel were well aware of the defenses set forth in that answer, and (3) that he would offer the answer as an exhibit for the trial court's consideration during the hearing.

Questioning whether it could consider a meritorious defense that had not been alleged in the motion for new trial or timely supplemented thereafter, the trial court declined to consider the answer that NHG had filed in the federal suit, absent authority that it could do so. But when counsel for Shanks argued that the failure of the motion to even cite *Craddock* negated any basis for setting aside the default judgment, the trial court shifted gears and questioned whether the *Craddock* factors were even relevant because the motion challenged the validity of service, while *Craddock* assumes validity.

Decrying the absence of testimony from either the process server or the individual who allegedly accepted service on behalf of NHG, the trial court ultimately declined to find whether service was valid absent such testimony and requested additional briefing from the parties as to whether it should consider the *Craddock* factors and, if so, whether the factors had been satisfied.

**E. The Ruling**

In her supplemental briefing, Shanks again argued that the return's attestation had established valid service and that NHG had waived—and thus could not

supplement—*Craddock* as grounds for a new trial. NHG argued that *Craddock* had been satisfied by the defenses asserted in NHG's answer filed in the federal suit.[2]

The trial court denied NHG's motion for new trial. From this denial, NHG timely filed a notice of appeal.

## II. Standard of Review and Applicable Law

For a default judgment to be properly rendered, the trial court must have personal jurisdiction over the defendant at the time of its rendition. *See* Tex. R. Civ. P. 124; *Garcia v. Ennis*, 554 S.W.3d 209, 214 (Tex. App.—Fort Worth 2018, no pet.); *Marrot Comm'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 378 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Personal jurisdiction depends on whether the defendant received proper service of process. *Garcia*, 554 S.W.3d at 214; *see Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("A claim of a defect in service of process challenges the trial court's personal jurisdiction over the defendant.").

When a default judgment is attacked by a motion for new trial, the critical question is, "Why did the defendant not appear?" *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). If the answer to this question is, "Because I didn't get the suit papers," that is, the trial court never obtained personal

---

[2]NHG attached to its supplemental briefing a copy of the answer and defenses it had filed in the United Stated District Court for the Northern District of Texas, Fort Worth Division, in Civil Action No. 4:22-cv-573, styled *Dawnyale Shanks v. City of Arlington, Super 8 Worldwide, Inc., Natha Hospitality Group, LP, Dylan Harmon, and Jessica Burns*, and it asked the trial court to take judicial notice of the answer.

jurisdiction over me, then the default judgment generally must be set aside. *See id.* at 574. But if the answer is, "I got the suit papers but then . . . ," that is, the trial court obtained personal jurisdiction over me, but I have a reasonable excuse for not answering, then the default judgment should be set aside only if the defendant satisfies each of the three *Craddock* factors. *See id.*

Whether a trial court has personal jurisdiction over a particular defendant is a legal question that we review de novo. *Wyatt v. Deal*, No. 02-18-00246-CV, 2019 WL 2432156, at *3 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.). We indulge no presumption in favor of valid issuance, service, or return of citation. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). If the record does not "affirmatively show strict compliance with the [Texas] Rules of Civil Procedure," we will conclude that the attempted service of process was "invalid and of no effect." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see Spanton*, 612 S.W.3d at 316 ("[A] no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" (quoting *Wilson*, 800 S.W.2d at 836)). Any doubts about the trial court's jurisdiction over a defendant must be resolved against the party who secured the default judgment. *See In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024) (orig. proceeding).

Rule 106(a)(1) of the Texas Rules of Civil Procedure authorizes service of process via personal or hand-delivery of the citation and petition. Tex. R. Civ. P. 106(a)(1). When hand-delivery is the method of service, the return of service must, by

attestation, include, *inter alia*, the following information: the name of the person who served the process, the manner of service, the date of service, the address of service, the name of the person or entity served, a description of what was served, and confirmation that the documents included both the citation and the petition. *See* Tex. R. Civ. P. 106(a)(1), 107(b)(3), (5)–(9). The return must specifically reflect that the name of the individual defendant to be served and the name of the individual identified as having been served sufficiently match so as not to alter or draw into question the identity of the individual sued. *Brown v. Joe Jordan Trucks, Inc.*, No. 05-23-00676-CV, 2024 WL 3063788, at *8 (Tex. App.—Dallas June 20, 2024, no pet.) (mem. op.) (citing *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (holding service invalid when the sheriff's return identified "J.N. Hendon" as the individual served, not the individual defendant, "J.W. Hendon")). The return may not leave the trial court to confirm valid service "from inference and deduction." *See Brown v. Robertson*, 28 Tex. 555, 557–58 (1866) (holding service invalid when the sheriff's return identified "Mrs. Brown" as the individual served, not the individual defendant, "Parmelia Brown").

Corporations and other legal entities are not persons capable of accepting service. *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Regarding hand-delivery to corporations and other legal entities, because they cannot physically accept such service, they must be served through their authorized agents only, and service to the corporation or entity as a whole or an individual not listed in the citation is not proper service. *See Wohler v. La*

10

*Buena Vida in W. Hills, Inc.*, 855 S.W.2d 891, 892 (Tex. App.—Fort Worth 1993, no writ). Where service is on a corporation or entity, Rule 107 requires the return of service to show both the name of the individual served and that the individual was authorized to receive service on behalf of the corporation or entity. *Inlog, Inc. v. Ryder Truck Rental, Inc.*, No. 02-19-00283-CV, 2020 WL 1887846, at *2 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.); *see Hall v. Mansfield Indep. Sch. Dist.*, No. 02-24-00201-CV, 2024 WL 5162468, at *3 (Tex. App.—Fort Worth Dec. 19, 2024, no pet.) (mem. op.) ("When serving an entity's agent, the citation must affirmatively show that the individual served is *in fact* the agent for service." (emphasis added)); *cf. Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied) (holding service was improper when return did not indicate the capacity of person served or reflect her authority to receive service).

"A mismatch between the name of the agent for service in the petition, the citation, and the return can raise a doubt of whether the correct person or entity was served." *Turbo Rests., LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 496 (Tex. App.—El Paso 2022, no pet.) (citing *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)). But the name listed in the citation and petition need not always be an exact match with the name recited in the return of service "if it is otherwise clear from the record that the proper entity or person was served." *Id.* A "minor change" or slight deviation in the name of the registered agent as stated in the citation and petition, when compared with the name

11

stated in the return, does not by itself render the return defective and service invalid. *See id.* (citing *W. Garry Waldrop DDS, Inc. v. Pham*, No. 14-15-00747-CV, 2016 WL 4921588, at \*2–3 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.) (observing and citing authorities holding that omission of "Inc." from name of defendant corporation in return does not invalidate service)).

A variance will invalidate service only if the names are sufficiently mismatched to the extent that the trial court cannot determine whether the individual or entity named in the citation and petition is the same as the individual or entity identified in the return. *See id.* at 496–97; *Pham*, 2016 WL 4921588, at \*2–3. "In other words, for service to be invalid due to a variation in names, the variation must create 'some uncertainty concerning whether the person against whom judgment was taken, or who was served as the registered agent, was the correct person.'" *Turbo Rests.*, 657 S.W.3d at 497 (quoting *Payne & Keller Co.*, 732 S.W.2d at 41). If the record as a whole—including the petition, citation, and return—reflects that the citation was served on the correctly identified registered agent for the properly named defendant corporation or entity, service of process will not be invalidated. *See id.*

### III. Analysis

On this record, there is "some uncertainty" concerning whether the individual served on behalf of NHG was its registered agent, Mahendra K. Natha. Because we cannot engage in the inferences or deductions urged by Shanks on appeal, we conclude that service on NHG was invalid.

The return's attestation does not categorically state that Mahendra was the "individual" or the "subject" to whom the process server hand-delivered the citation and petition:

> **I delivered the documents to Natha Hospitality Group, LP with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired Asian male contact 35[–]45 years of age, 5'10"[–]6'0" tall and weighing 180[–]200 lbs with a beard. Subject served is on Indian descent, he said his name was Maddy and he was the manager on duty** at **2712 East Abram Street, Arlington, TX 76010**.

Indeed, according to the return, the individual served "said his name was Maddy."

Nevertheless, Shanks argues that we should interpret the following statement to identify Mahendra as the recipient of hand-delivery: "I delivered the documents to Natha Hospitality Group, LP with identity confirmed by subject saying yes when named." Yet absent a specific reference to Mahendra by name, we can only infer, surmise, or deduce that the "subject" who allegedly responded affirmatively was not so responding to "Natha Hospitality Group, LP" as the correct entity name, but to "Mahendra K. Natha" as his correct individual identity—an inference expressly contradicted by his subsequent use of the name "Maddy" in identifying himself. Unless we further infer, surmise, or deduce that "Maddy" is a nickname or diminutive for Mahendra K. Natha, we cannot conclude that the statement upon which Shanks relies identified Mahendra as the individual served with sufficient certainty. *See Brown*, 28 Tex. at 557 ("It would certainly be more satisfactory for the sheriff in all cases to

13

state in his return, that the party upon whom he had served the citation was the defendant to whom it was directed, rather than for the court to be left to determine this from inference and deduction."). On its face, the return does not confirm that the individual who received delivery of the citation and petition was, in fact, Mahendra K. Natha. *See Hall*, 2024 WL 5162468, at *3.

The remainder of the record adds to the uncertainty. In his unsworn declaration, Mitesh[3] identified himself as both NHG's current owner and the son of Mahendra. Mitesh categorically denied that Shanks had served NHG with process. He also averred that Mahendra had not physically been to the motel since approximately 2010; that the age of the individual described by the attestation was almost half his father's age; and that at the time of the purported service reflected by the return, no one named "Maddy" had been employed as a manager at the motel.

---

[3]Section 132.001(a) of the Texas Civil Practice and Remedies Code authorizes the use of unsworn declarations "in lieu of a written sworn declaration, verification, certification, oath, or affidavit" when a statute, rule, or court order requires an evidentiary showing. Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a). Although Mitesh's unsworn declaration met the requirements of form and substance, *see id.* § 132.001(c), (d), Shanks argues, without citation to any authority, that *Craddock* requires an "affidavit of merit" from Mahendra categorically denying the attestation in the return and that Mitesh's denial on behalf of NHG is mere hearsay. Given *Craddock* antedates the legislature's authorization of unsworn declarations by several decades, Shanks's argument is not well-taken. Moreover, in the trial court, Shanks referred to Mitesh's unsworn declaration as an "affidavit" and made no hearsay objection. Accordingly, we may consider Mitesh's unsworn declaration as part of the record. *See In re Marriage of Sandoval*, 619 S.W.3d 716, 722 (Tex. 2021) (holding that an objection to the form of a defendant's *Craddock* affidavit is waived if not presented to the trial court); *E. Castle Int'l, LLC v. RPI Ridgmar Town Square, Ltd.*, No. 02-23-00186-CV, 2024 WL 123592, at *1 & n.3 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op.) (observing that lack of personal knowledge and hearsay are form defects).

14

In conclusion, the statement of delivery in the return's attestation, when considered with the record as a whole, leaves enough uncertainty as to require that we infer or deduce that Mahendra K. Natha was, in fact, the individual served—an inference or deduction we are forbidden to make. *See Hall*, 2024 WL 5162468, at *3. Accordingly, we sustain NHG's primary issue.

## IV. Conclusion

Having sustained NHG's primary issue, we need not address its alternative argument that it satisfied the *Craddock* factors. We reverse the trial court's default judgment and remand this case to the trial court.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 24, 2025

15