## HICKS et al. v. RAPIDES GROCERY CO., Inc.

No. 3486.

Court of Civil Appeals of Texas. El Paso.

Feb. 18, 1937.

Wiseheart, Grobe & Wiseheart, of Houston (T. W. Grobe, of Houston, of counsel), for plaintiffs in error.

John & Levy, of Houston, for defendant in error.

HIGGINS, Justice.

October 24; 1935, the defendant in error brought this suit against the plaintiffs in error to recover a balance due upon a verified open account for goods, wares, and merchandise alleged to have been sold and delivered to the plaintiffs in error in Alexandria, La.

The account was attached to and made a part of the petition.

Judgment by default was rendered in favor of the defendant in error.

The account upon which the suit is based, upon its face, shows the goods, wares, and merchandise consisted of whisky, gin, and other intoxicating. liquors, sold in the year 1934.

 In the year mentioned, the sale of intoxicating liquor in this State, with certain exceptions, was unlawful. The laws of Louisiana are presumed to have been the same as in Texas. In the absence of pleading to the contrary, it is presumed the contract was illegal under the law of Louisiana. 17 Tex.Jur., Evidence, § 84; Gill v. Everman, 94 Tex. 209, 59 S.W. 531; Southern Kansas R. Co. v. J. W. Burgess Co. (Tex.Civ.App.) 90 S.W. 189.

It was therefore incumbent upon the defendant in error to plead and prove the sale fell within some exception which made it lawful. Article 5075, of the Civil Code; Article 666, Penal Code, Codification of 1925; Mayfield v. Son (Tex.Civ. App.) 278 S.W. 462; Heid Bros. v. Riesto (Tex.Civ.App.) 281 S.W. 638.

The petition upon its face affirmatively shows the illegality of the contract, under the law of this State in 1934, for the sale of liquor, and is insufficient to support the judgment by default.

Reversed and remanded.