**PIPE LINE PARK PROPERTIES, INC.,**
**Petitioner,**

**v.**

**Jack FRASER, Respondent.**

**No. 16640.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 3, 1965.

Geary, Brice & Lewis, Robert A. Baker, Dallas, for appellant.

Carrington, Johnson & Stephens, Ronald L. Neill, Dallas, for appellee.

BATEMAN, Justice.

This case reaches us by writ of error and the sole question is whether the petitioner Pipe Line Park Properties, Inc. is entitled to a reversal of the default judgment rendered against it as garnishee, in garnishment proceedings instituted by the respondent Jack Fraser, for lack of proper service of the writ of garnishment. The constable's return on the writ recites that it was served on petitioner by delivering to Donald Zales, its vice-president. This would indicate proper service on petitioner, which is a domestic corporation, pursuant to Art. 2.11, Texas Business Corporation Act, V.A.T.S., but petitioner has filed, in this court for the first time, original affidavits of Donald Zale and another to the effect that at the time of service Zale was not and never had been a vice-president of petitioner, but was at the time of service the secretary and treasurer of petitioner. Art. 2.11 does not authorize service on the secretary or treasurer.

■ In determining the jurisdiction of the trial court this court is not authorized to consider evidence outside the record but is restricted to the record of what transpired in the trial court. 3 Tex.Jur.2d, Appeal and Error—Civil, § 395, p. 651, § 399, p. 655; White Motor Co. v. Loden, Tex.Civ. App., 373 S.W.2d 863, no wr. hist.

■ We therefore decline to consider the affidavits. There being nothing in the record before us to show lack of jurisdiction in the trial court to render the judgment under review, and that being the only attack made in this court against the judgment, it must be affirmed.

■ Where, as in this case, the officer's return recites service of process on a corporation by delivering it to a corporate officer designated by the statute, as distinguished from those cases where the return

*Texaco, Inc. v. McEwen, Tex.Civ.App., 356 S.W.2d 809, wr. ref. n. r. e., and White Motor Co. v. Loden, Tex.Civ.App., 373

shows delivery to one purporting to be an "agent" authorized to receive the same,* the officer's return affords prima facie evidence that the person served is such officer, obviating the necessity for the trial court to hear evidence thereof. San Antonio and A. P. Ry. Co. v. Wells, 3 Tex. Civ.App. 307, 23 S.W. 31, no wr. hist.; American Soda Fountain Co. v. Hairston Drug Co., Tex.Civ.App., 52 S.W.2d 764, no wr. hist.

We make no holding as to whether the petitioner may or may not properly question service of process or jurisdiction in the trial court, by bill of review or otherwise, for that question is not before us.

The judgment of the trial court is

Affirmed.

S.W.2d 863, no wr. hist., are two such cases.