**BROWN–McKEE, INC., Appellant,**

v.

**J. F. BRYAN & ASSOCIATES, Appellee.**

No. 8271.

Court of Civil Appeals of Texas,
Texarkana.

May 6, 1975.

Donald M. Hunt, Key, Carr, Evans & Fouts, Lubbock, for appellant.

Dewey M. Dalton, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellee.

CHADICK, Chief Justice.

This is a default judgment case. The sufficiency of a sheriff's return on a citation is the decisive issue; Writ of error, as authorized by Vernon's Tex.Rev.Civ. Stat.Ann. art. 2249, is the mode of review. The plaintiff in the trial court and appellee here is J. F. Bryan & Associates. The defendant below and appellant here is Brown-McKee, Inc. The trial court granted J. F. Bryan & Associates a default judgment awarding them in a recovery on sworn account of $6,252.00 from Brown-McKee, Inc., together with attorney fees of $1,500.00 and costs. The judgment of the trial court is reversed and the case remanded for new trial.

The plaintiff's original petition in the trial court identified Brown-McKee, Inc., as a Texas Corporation and E. Jack Brown as its president, upon whom service of process might be made at the corporation's principal office at P. O. Box 2878,

Lubbock, Lubbock County, Texas. The sheriff's written return on the citation, so far as material here, is as follows:

"Came to hand on the 22 day of March, 1974, by 1 o'clock P.M. Executed at LUBBOCK, within the County of Lubbock, at 4:15 o'clock P.M., on the 22 day of March, 1974, by delivering to the within *named Brown-McKee Const. Co., by delivering copy of citation* to J. E. SEAY—SECRETARY TREASURER OF BROWN MCKEE 906—SLATON HIGHWAY—each, in person, a true copy of this Citation together with the accompanying copy of this petition, having first indorsed on same the date of delivery. * * *" (A printed form with blank spaces to be filled by the officer executing the return was used. Matter inserted by typewriter is underscored, hand written matter is capitalized and the remainder is printed.)

The return of an officer executing a citation is regulated by Texas Rules of Civil Procedure, rule 107. The rule requires the officer to state when the citation was served, the manner of service and to certify that a true copy of the citation with the accompanying copy of the petition was delivered to the defendant; and to sign the return officially. In this instance the return appears on the face of the record and the judgment recites due service of process.

■ This proceeding by writ of error is a direct attack on the default judgment. McKanna v. Edgar, 388 S.W.2d 927 (Tex. 1965); Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935, opinion adopted). Review is confined to the record brought forward by the transcript as no statement of facts was filed. In a direct attack on a default judgment the presumptions ordinarily indulged in support of a judgment are not available to support it. Flynt v. City of Kingsville, supra. The unavailability rule also applies in such cases to inferences of jurisdictional facts. Jurisdiction of the trial court must affirmatively appear on the face of the case record. McKanna v. Edgar, supra. Within the limitations indicated a return should receive a fair, reasonable and natural construction, and effect given to its plain intent and meaning. The return in its entirety, together with the citation to which it refers, must be considered in determining its sufficiency. Redundant or surplus matter will be disregarded. 72 C.J.S. Process § 97; 62 Am.Jur.2d Process, Sec. 165.

■ Brown-McKee, Inc., is the defendant named in the citation and accompanying petition. Brown-McKee Const. Co. is not mentioned in either the citation or petition. Nothing in the record tends to prove the two are one and the same entity. On the face of it, Brown-McKee, Inc., is a corporation while Brown-McKee Const. Co. does not purport to be a corporation. The absence of corporate reference in the name indicates a different type of entity. The return shows that a copy of the citation was delivered "to J. E. Seay—Secretary Treasurer of Brown-McKee." The officer executing process compromised by dropping descriptive terminology in the name when it was written into the return by hand. The record, outside the recitals of the judgment, is equivocal and ambiguous and does not affirmatively disclose that Brown-McKee, Inc. was served with citation in accordance with either Vernon's Tex.Bus.Corp.Act, Ann. art. 2.11, subd. A or Tex.Rev.Civ.Stat.Ann. art. 2029. Valid service is not shown under either article. It is immaterial to decision whether or not these articles are in conflict. The trial court did not acquire jurisdiction of Brown-McKee, Inc. The judgment of the trial court is reversed and the case is remanded for new trial.