**NRTRX CORPORATION, Appellant,**

v.

**D. C. STORY, Appellee.**

No. 18158.

Court of Civil Appeals of Texas, Fort Worth.

May 17, 1979.

Rehearing Denied June 14, 1979.

Rassman, Gunter & Boldrick and James P. Boldrick and Leslie G. McLaughlin, Midland, for appellant.

Robert R. Truitt, Jr., Midland, for appellee.

## OPINION

SPURLOCK, Justice.

NRTRX petitioned by writ of error to reverse a default judgment taken against it. It complains that the sheriff's return of citation is insufficient to support the judgment in that it shows delivery of process to one other than the agent for the corporation named in the citation and petition.

We affirm.

D. C. Story, an independent truck operator, filed suit against HMM Distributing Corporation and NRTRX Corporation seeking damages resulting from being sold diesel fuel that was allegedly contaminated with water. HMM answered but NRTRX did not.

The cause came for trial and the court heard evidence and argument of counsel and found that a severance should be granted as to NRTRX Corporation and judgment rendered against it.

The judgment recites that a severance is entered as to defendant NRTRX Corporation so that this judgment is a full and final judgment as between D. C. Story, plaintiff, and NRTRX Corporation, defendant.

The judgment then recites that judgment was rendered in favor of D. C. Story against NRTRX Corporation for damages.

After the judgment was rendered and signed, the clerk assigned it a new cause number. The cause against the other defendant, HMM Distributing Corporation, is still pending.

NRTRX filed a motion for new trial in the severed cause of action, which will be referred to hereafter. After execution was issued to enforce the default judgment, NRTRX filed its petition for a writ of error seeking to have the judgment reversed and the cause remanded for a new trial.

The citation was executed in Tarrant County, Texas by summoning NRTRX Corporation by delivering to "H. H. Michener, President," in person of NRTRX Corporation a true copy of the citation and plaintiff's original petition.

Thus, NRTRX complains that the return of citation shows that someone other than the person designated in the citation was served by personal delivery of the process. Its position is that the return is defective because it shows that H. H. Michener, president, was served instead of H. M. Michener, registered agent. NRTRX points out that there is no evidence or pleading in the record concerning any H. H. Michener or the president of the corporation. After carefully reviewing the citation and return we conclude that service was sufficient to support the default judgment.

It is well settled that with certain exceptions not here applicable, if someone other than the defendant named in the citation is served with process, the court has not secured personal jurisdiction over the named defendant. NRTRX would have us apply this rule and reverse the default judgment. However, we distinguish this case by the fact that Tex.Bus.Corp.Act.Ann. art. 2.11 (1956) provides for service on a domestic corporation by delivering a copy of the process to the corporation's president. Thus even though the president was not named in the citation, delivery of process to the president results in valid service on the corporation. The return showing delivery of process to the president is prima facie evidence that the person served is the offi-

cer as designated and obviates the necessity for the trial court to hear evidence thereon. *Pipe Line Park Properties, Inc. v. Fraser*, 398 S.W.2d 154 (Tex.Civ.App.—Dallas 1965, no writ).

Further, we note that NRTRX filed a motion to set aside the default judgment and for a new trial. In its motion NRTRX stated that it had received the process and forwarded it to its insurance agent who failed to notify NRTRX's attorneys. Therefore, NRTRX has in effect admitted the fact of service in this case.

While we have not discussed all of the points of error each point presented in complaint of the trial court's judgment has been severally considered. Each point of error is overruled.

The judgment is affirmed.