**HOUSTON PIPE COATING COMPANY, INC., Appellant,**

v.

**HOUSTON FREIGHTWAYS, INC., Appellee.**

**No. C14-83-774CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 12, 1984.

Fletcher Etheridge, Ann Ryan Robertson, Houston, for appellant.

Thomas W. Moore, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal by writ of error from a default judgment holding Houston Pipe Coating Company, Inc., (appellant) liable for the negligent destruction of personal property belonging to Houston Freightways, Inc., (appellee) and awarding $39,011.77 in actual damages to appellee.

Appellee filed suit against appellant in the District Court of Harris County on May 13, 1981. Citation was issued for service upon appellant on May 15, 1981 and was executed on May 27, 1981. The constable's return was filled in to indicate that Deputy

B. Crawford executed the writ over Constable Ed "Tracy" Maxon's signature by delivering a copy of the writ to R.A. Anderson, in person, as registered agent of appellant. The signature of the deputy is affixed by the use of a rubber stamp. The return is as follows:

**CONSTABLE'S RETURN**

Received this writ on the 15 day of May, 1981, at 3.30 o'clock P M., and executed the same in Harris County, Texas, on the 27 day of May, 19 81, at 10:21 o'clock A M., by summoning the Houston Pipe Coating Company, Inc. a corporation { by delivering to R. A. Anderson, in person Reg. Agent { by leaving in the principal office during office hours of the said Corp.
a true copy of this writ, together with accompanying certified copy plaintiff's original petition.

Serving _____ cop _____ $ _____ ED "TRACY" MAXON, Constable Precinct No. 5
Mileage _____ Harris County, Texas
Total _____ 10.00 By B. Crawford _____, Deputy

Total $ _____ By _____
 Deputy

Serv. #13 4-10-80

An interlocutory default judgment was entered by the court on the issue of appellant's liability on December 22, 1981. Approximately one year and three months later, the court conducted a hearing on the issue of appellee's unliquidated damages. The testimony and documentary evidence adduced at trial was not recorded by an official court reporter. Thus, the record does not contain a certified statement of facts. The trial court, however, certified a statement of the evidence which appellee executed and contends is an accurate account of the testimony and the evidence upon which the judgment for damages was awarded. On June 8, 1983, the trial court entered a default judgment awarding appellee $39,011.77 in actual damages.

Appellant's first point of error contends the trial court was without jurisdiction to enter the interlocutory default judgment in the absence of a valid return of citation. Specifically, appellant argues that the constable's return failed to strictly comply with Rule 107, Tex.R.Civ.P. 107, in that (1) the return was ambiguous as to the manner of service and (2) the return was not signed officially by the deputy executing the writ. We disagree.

■ It is beyond dispute that when a default judgment is directly attacked by a writ of error, the rules regarding issuance, service and return of process are mandatory, and failure to show affirmatively strict compliance with those rules will render the attempted service of process invalid. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965). In addition, the return of an officer executing a citation is regulated by Rule 107, supra., which requires the return to (1) state when citation was served, (2) the manner of service, and (3) be signed by the officer officially.

■ Appellant's argument that the constable's return did not sufficiently state the manner of service, because it is impossible to determine which of the two modes of service was utilized in executing the writ, is unsupported by the record. A reading of the return reveals that Deputy B. Crawford delivered the writ to the appellant's registered agent, in person, as opposed to leaving the writ at the appellant's principal office during office hours. It is unneces-

sary to cross out the alternative mode of service to make the return intelligible.

■ Appellant also urges that the use of a rubber stamp in affixing the deputy's signature on the return did not strictly comply with Rule 107. We disagree. When Rule 107 is read in conjunction with Rule 103, Tex.R.Civ.P. 103, it is apparent that the "officer" spoken of in Rule 107 is "the sheriff or any constable" referred to in Rule 103. *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex.App.—San Antonio 1983, no writ); *Cortimiglia v. Miller*, 326 S.W.2d 278, 284 (Tex.Civ.App.—Houston, 1959, no writ). Thus, when the citation is served by a deputy, compliance occurs when the deputy affecting service indicates for whom he or she acted as deputy, or, when the deputy makes the return over the official signature of the sheriff or constable. The fact that the deputy who made the return used a rubberstamp as his signature is immaterial. In fact, it is not even necessary for the deputy's signature to appear on the return. *Cortimiglia v. Miller*, supra; *Travieso v. Travieso*, supra.

■ The critical question, therefore, is whether the printed signature of Constable Maxon strictly complies with Rule 107. We believe that it does. In the absence of a statute prescribing the mode of affixing a signature, it may be written by hand, printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another. 80 C.J.S. *Signatures* § 7 (1953). All that is required is that the maker causes his signature to be attached to a writing by any of the known methods of impressing his name upon paper with the intention of signing the document. *See Mondragon v. Mondragon*, 113 Tex. 404, 257 S.W. 215, 216–17 (1923); 80 C.J.S. *Signatures* 557 (1953).

Rule 107 requires only that the return of citation be "officially signed" by the constable. In the absence of statutory direction as to the method of signing, Constable Maxon's printed signature strictly complies with Rule 107. Appellant's first point of error is overruled.

Appellant in its second and third points of error argues that it is entitled to a new trial on the issue of appellee's unliquidated damages because of its inability to obtain a certified statement of facts from the official court reporter. We agree.

■ If an appellant exercises due diligence, and through no fault of his own is unable to obtain a proper record of the evidence, a new trial is required to preserve his right to review. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972).

Appellant was not present and was not represented by counsel when the testimony was taken. Appellant did make a request for a statement of facts from the official court reporter. The record brought forward does not show if the reporter was present at the hearing or was requested not to take full shorthand notes of the testimony. In any case, a statement of facts is not available upon review.

Pursuant to Rule 376b, Tex.R.Civ.P. 376b, the official court reporter is required to attend all sessions of the court and, when requested by the judge or a party, to take full shorthand notes of all the oral testimony offered. In the case where a party is not present or represented by counsel, the trial court has a duty to require the court reporter to transcribe the evidence. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 315 (Tex.Civ.App.—Dallas 1975, writ ref'd.). To hold otherwise would require the defaulting party to request the court reporter to take notes at the very hearing from which the defaulting party is absent.

■ Appellee contends that appellant was in a position to obtain a proper record of the evidence by simply accepting its rendition of the testimony offered at the hearing as certified by the trial court. We cannot agree. A defaulting party is not required to agree with an adversary upon the facts adduced at trial or to rely on the unaided memory of the trial judge who decided the merits of the case in order to obtain a statement of facts. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978).

Accordingly, we find that appellant has exercised due diligence and through no fault of its own is unable to obtain a proper record of the evidence. Appellant's second and third points of error are sustained.

The trial court's default judgment on the issue of appellant's liability is affirmed and the cause is reversed and remanded for a new trial on the issue of damages.