**MARITIME SERVICES, INC.,**
Appellant,

v.

**MOLLER STEAMSHIP COMPANY,**
INC., Appellee.

No. 01–85–446–CV.

Court of Appeals of Texas,
Houston (1 Dist.).

Dec. 5, 1985.

Edward S. Hubbard, Kennedy, Burleson & Hackney, Houston, for appellant.

James J. Sentner, Haight, Gardner, Poor & Havens, Michol O'Connor, Houston, for appellee.

Before SAM BASS, COHEN and LEVY, JJ.

## OPINION

COHEN, Justice.

Maritime Services, Inc., a Texas corporation, appeals by writ of error from a default judgment of $17,092.91 plus attorney's fees of $2,519.23. Maritime contends that the judgment is void because the person served with citation was not authorized, under Tex.Bus.Corp. Act Ann. art. 2.11.A (Vernon 1980), to receive process directed to the corporation. Appellee, Moller Steamship Company, Inc., concedes that service was invalid under art. 2.11.A, but it contends that service was valid under Tex. Rev.Civ.Stat.Ann. art. 2029 (Vernon 1964). We sustain the point of error and reverse the judgment, because service was not properly made under the terms of either statute.

Moller's petition asserted that Maritime could be "served with process by serving its registered agent, Tim Schmidt, at its principal place of business, 9640 Clinton Drive, Houston, Texas, 77029." The District Clerk issued citation for service upon Tim Schmidt, as registered agent, at that address. The record contains two returns signed by two different deputy constables. One, styled "Officer's Return," states that it was executed by delivery to "(Brother) Derrek Schmidt defendant, in person,...." The second, styled "Constable's Return," states that it was executed, at the same day, hour, and minute as the first, "by summoning the Maritime Services, Inc., a corporation by delivering to Derrek Schmidt, in person, registered agent of the said corporation...." The two returns plainly refer to only one service of citation.

■ Derrek Schmidt was not a defendant in this case, contrary to the erroneous statement in the "Officer's Return." Service upon him did not meet the requirements of Article 2.11.A for service on a corporation subject to the Business Corporation Act. That statute provides that a corporation may be served with process by serving its president, any vice-president, or registered agent, and there is neither allegation nor proof that Derrek Schmidt held any such office. *See United States Leasing Corp. v. Centennial Liquor Stores, Inc.*, 368 S.W.2d 951 (Tex.Civ.App.—Dallas 1963, no writ).

■ The sole question then is whether service of citation on Derrek Schmidt met the requirements of Article 2029, which allows service upon various corporate officers and, in addition, "by leaving a copy of [citation] at the principal office of the company during office hours." Our record does not disclose that Derrek Schmidt had any relationship with Maritime Services, Inc.[1] Moller contends that service was sufficient under Article 2029 because citation was left at Maritime's principal office during office hours. We disagree with this contention.

The "Officer's Return" recites service on "(Brother) Derrek Schmidt defendant, in person." It does not mention Maritime, the sole defendant in the case, and does not state that citation was left at Maritime's principal office during office hours. It does recite that it was served on September 24, 1984 (a Monday), at 9:36 a.m., at 9640 Clinton Drive, in Harris County. Nothing in the record indicates that 9640 Clinton Drive in Harris County is the same location as 9640 Clinton Drive, Houston, Texas 77029, the address in the petition and the citation.

■ The other relevant document, the "Constable's Return," recites service on Maritime "by delivering to Derrek Schmidt, in person, registered agent of the said corporation." A preprinted line underneath this language, which was never struck out,

---

1. Appellee has asked us to consider extraneous evidence from other proceedings between these parties. We decline to do so. *Hurd v. D.E.*

*Goldsmith Chemical Metal Corp.,* 600 S.W.2d 345 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

states, "by leaving in the principal office during office hours." This "Constable's Return" is identical in form to that pictured and construed in *Houston Pipe Coating Co. v. Houston Freightways, Inc.*, 679 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). In that case, as in this one, the officer failed to delete the alternative method of service on a corporation provided in Article 2029. The court held that a return filled out in this manner indicated personal service, and the return was not made unintelligible due to the constable's failure to cross out the alternative method of leaving the citation at the principal office during business hours. *Houston Pipe & Coating* was also an appeal by writ of error from a default judgment, and we agree with the Fourteenth Court of Appeals that the constable's handwritten notations indicating personal service upon a named "registered agent" are entitled to more weight than pre-printed language on a form that the officer neglected to strike out. We, therefore, reject appellee's argument that service was made by leaving citation in Maritime's principal office during office hours. Neither return indicates that any form of service was attempted other than personal service upon Derrek Schmidt, in one case as a "defendant," and in another case as "registered agent." The record shows that Derrek Schmidt was neither a defendant nor a registered agent.

■ When a default judgment is directly attacked by writ of error, the rules regarding issuance, service, and return of process are mandatory, and failure to affirmatively show strict compliance with the rules will render the attempted service of process void. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965). No presumptions are used by appellate courts to support a default judgment attacked on direct appeal. *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935). Several courts have referred to the failure to obtain proper service of process as "fundamental error" rendering the judgment void. *Wagner v. Urban*, 170 S.W.2d 270, 273 (Tex.Civ.App.—Amarillo 1943, no writ); *Parker v. Scobee*, 36 S.W.2d 303, 304 (Tex.

Civ.App.—Waco 1931, no writ) (cited with approval in *McKanna v. Edgar*). The strict application of these rules has been criticized as "overtechnical willingness to resolve ambiguities against the presumption that the officer performed his duty." 2 R. McDonald, *Texas Civil Practice in District and County Courts* sec. 9.16 (rev. 1982). However, the rules have been consistently applied for many years in many different procedural contexts. *See Hurd v. D.E. Goldsmith Chemical Metal Corp.*, 600 S.W.2d 345; *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.—Tyler 1974, no writ); *Ponca Wholesale Mercantile Co. v. Alley*, 378 S.W.2d 129 (Tex. Civ.App.—Amarillo 1964, writ ref'd n.r.e.); *Grapevine Trucking, Inc. v. Shepherd*, 366 S.W.2d 950 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.).

In view of our conclusion that service was not valid under either statute, we need not resolve appellant's contention that Article 2029 has been impliedly repealed by the enactment of Article 2.11 of the Business Corporation Act.

Appellant's point of error is sustained.

The judgment is reversed, and the cause is remanded for a new trial.