**PAYNE & KELLER COMPANY, Appellant,**

v.

**Peggy A. WORD, Appellee.**

**No. A14–86–712–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1987.

Rehearing Denied June 4, 1987.

Rodney P. Bridgers, Jr., Houston, for appellant.

Michael C. Neel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ROBERTSON, JJ.

## OPINION

CANNON, Justice.

This is an appeal by writ of error from a default judgment. In five points of error, appellant complains that: (1) the return of citation is defective; (2) the damages awarded by the judgment are not supported by the pleadings or the evidence; and (3) the motion for new trial was erroneously denied. We agree that some of the damages are unsupported by the pleadings, and, accordingly, modify the judgment of the court below and affirm it as modified.

The cause of action arose from an automobile collision between appellee, Peggy Word, and Richard H. Jones (Jones). Appellee filed suit against appellant, Payne & Keller Company, on June 4, 1985, alleging that her car was struck from the rear by Jones's vehicle. Further, she alleged, at the time of the collision, Jones was in the course and scope of his employment for appellant. Appellee pleaded as damages her medical expenses; past and future lost wages; past and future physical pain and mental anguish; court costs; and interest on the judgment.

The petition was served on appellant's registered agent, Philippe Petitfrere, on June 19, 1985. Appellant, however, did not answer. On January 10, 1986, appellee filed a supplemental petition asking for prejudgment interest. This supplemental petition was not served on appellant.

On January 24, 1986, a default judgment was entered against appellant for $285,-630.25 plus post judgment interest and court costs. The judgment recited that the cause of action was unliquidated and that appellee was entitled to damages upon

good and sufficient evidence presented to the court. Included in the judgment was the sum of $35,630.25 for prejudgment interest. Appellant filed an untimely motion for new trial on March 27, 1986, which was not granted. Appellant's appeal by writ of error was subsequently filed.

■ In point of error one, appellant maintains that the default judgment is void because the constable's return fails to state the name of the constable who executed the service of citation as required by Tex. R.Civ.P. 107. In support of this point, appellant relies on our case, *Houston Pipe Coating Co., Inc. v. Houston Freightways, Inc.*, 679 S.W.2d 42 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), wherein we stated that Rule 107 requires that the return must be signed by the sheriff or constable or by a deputy who indicates for whom he or she acted as deputy. We acknowledge that *Houston Pipe Coating Co., Inc.* is the applicable rule of law in this case. However, contrary to appellant's assertions, the citation and officer's return satisfies the requirements of *Houston Pipe Coating Co., Inc.*

In *Houston Pipe Coating Co., Inc.*, 679 S.W.2d at 45, we held: "In the absence of statutory direction as to the method of signing, Constable Maxon's printed signature strictly complies with Rule 107." Here, the citation and officer's return was marked with a file stamp that stated:

1985 Jun 19 PM 1:57

R.C. Martinez

Constable, Precinct No. 6

Harris County, Texas

Thus we find, in accordance with the holding of *Houston Pipe Coating Co., Inc.*, that Constable Martinez's printed signature strictly complies with Tex.R.Civ.P. 107. Point of error one is overruled.

In point of error two, appellant complains that the return fails to correctly set forth the manner of service as required by Tex.R.Civ.P. 107 because the return indicates that the wrong individual was served in the wrong capacity. Specifically, appellant asserts that the petition and citation state that service is to be on Payne & Keller Company, by serving its registered agent, Philippe Petitfrere (Petitfrere). However, the officer's return states that service was executed "by delivering to Philipee Petitfreere defendant,...." Thus, appellant argues, because the registered agent's name was misspelled by the officer, and because the word "defendant," preprinted on the citation and return form, appears after Petitfrere's name, strict compliance with Tex.R.Civ.P. 107 is not shown and the default judgment is void.

In arguing for reversal on the basis of the misspelling of Petitfrere's name by the deputy, appellant relies on *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex.1985). We find, however, that the facts in *Uvalde Country Club* and the cases cited therein are distinguishable from the facts before us. In *Uvalde Country Club*, citation was directed to Uvalde Country Club by serving its registered agent, "Henry Bunting." The sheriff's return on the citation showed delivery to "Henry Bunting." However, the original petition alleged that the registered agent was "Henry Bunting, Jr." The Texas Supreme Court stated that the record did not show that the person served with citation, "Henry Bunting," was authorized to receive service or that he was connected with the appellant, because the petition alleged that the registered agent was "Henry Bunting, Jr." Thus, the supreme court held, the record did not reflect strict compliance with the rules of civil procedure relating to issuance, service, and return of citation. In *Faver v. Robinson*, 46 Tex. 204 (1876) (cited in *Uvalde Country Club*), a default judgment was reversed and remanded because suit was brought against John R. Favers, citation was issued to John R. Favers, and the return indicated that John R. Favers was served with the petition. However, a default judgment was taken against John R. Faver. The court stated that a petition, citation, and service against Favers does not warrant a judgment by default against Faver. In *Hendon v. Pugh*, 46 Tex. 211 (1876) (cited in *Uvalde Country Club*), a default judgment was reversed and remanded because the return indicated that service was on

"J.N. Hendon." However, the defendant, against whom judgment was rendered, was J.W. Hendon. The court held that the return failed to show, with reasonable certainty, that the citation was served on the defendant in the suit. Clearly, in these cases, there is some uncertainty concerning whether the person against whom judgment was taken, or who was served as the registered agent, was the correct person.

■ Here, however, there is no uncertainty. The petition and citation both indicate that the registered agent was "Philippe Petitfrere." The constable's minor misspelling of Petitfrere's name is not a sufficient indication that service was not had upon the correct person. We find that the face of the record reflects strict compliance with Tex.R.Civ.P. 107.

■ Further, we find no merit in appellant's argument that the return does not reflect that Petitfrere was served in the correct capacity. In considering the record as a whole, including the original petition, the citation, and the return, we find that service was had upon appellant by delivering citation and petition to its registered agent, Philippe Petitfrere. Moreover, an affirmative showing of compliance with Tex.R.Civ.P. 107 will not be defeated merely because the constable failed to cross out the word "defendant" on a preprinted form. *See Houston Pipe Coating Co., Inc.,* 679 S.W.2d at 44–45 (court stated that it was unnecessary to cross out the alternate mode of service on the return). Point of error two is overruled.

■ In point of error four, appellant maintains that it satisfied the test in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939) and thus the trial court erred in failing to grant its motion for new trial. We note, however, that appellant's motion for new trial was filed March 27, 1986, sixty-two days after the final judgment was signed. Texas Rule of Civil Procedure 329b provides that a motion for new trial must be filed within thirty days after the judgment is signed. Thus, appellant's motion for new trial was filed untimely.

We note, however, that in its motion for new trial, appellant alleged that its motion was timely filed under the provisions of Tex.R.Civ.P. 306a(4). This court has previously considered this argument in an attempted direct appeal filed by appellant and found it to be without merit. Rule 306a(4) provides, in part, that if a party has not received notice of a judgment within twenty days of the signing thereof, then the time periods controlling the filing of a motion for new trial shall begin on the date that the party or his attorney received notice or actual knowledge of the signing. In order to establish the applicability of Tex. R.Civ.P. 306a(4), appellant was "required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex.R.Civ.P. 306a(5). However, appellant failed to obtain a hearing on this motion or a fact finding from the trial court stating when appellant received notice of the judgment. Without this fact finding, we were unable to determine whether appellant met his burden of proving that the provisions of Tex.R.Civ.P. 306a(4) applied to extend the time for filing its motion for new trial. Thus, we concluded in our unpublished opinion of *Payne Keller Co. v. Word,* No. A14–86–394–CV (Tex.App.—Houston [14th Dist.] June 26, 1986) [Available on WESTLAW, TX–CS database] that appellant's motion for new trial was filed untimely. Point of error four is overruled.

In point of error five, appellant maintains that appellee offered no competent evidence to support her unliquidated damages. Specifically, appellant complains that the affidavits presented by appellee during the damages hearing were not served on appellant at least fourteen days before the hearing as required by Tex.R.Evid. 902(10)(a). In essence, appellant is maintaining that appellee's affidavits from various health providers were not properly authenticated and, thus, were inadmissible.

Rule 902(10)(a) is an evidentiary rule providing for self-authentication of business records accompanied by affidavit. It provides that records accompanied by an affidavit are admissible subject to certain conditions, two of which are that the records and affidavit be filed with the clerk at least fourteen days prior to the date trial commences and that notice of the filing be served on the opposing party. This rule, however, does not preclude authentication of evidence by other means, which do not have the fourteen-day notice requirement. *See* Tex.R.Evid. 901. Appellant has failed to obtain a statement of facts from the hearing on damages. Nor has appellant demonstrated that he was precluded from obtaining statement of facts. Without a statement of facts to review, we cannot determine whether appellant's affidavits were authenticated by another means. Thus, we presume the authenticity of the affidavits supporting appellant's damages. Consequently, we find competent evidence to support the judgment for damages. Point of error five is overruled.

In point of error three, appellant complains that the award of prejudgment interest is not supported by the pleadings. We agree. Appellee filed a supplemental petition asking for prejudgment interest. Appellant was never served with a copy of the supplemental petition. New citation is necessary for a party who has not appeared when the plaintiff, by an amended petition, seeks a more onerous judgment than prayed for in the original pleading. *Weaver v. Hartford Accident and Indemnity Co.*, 570 S.W.2d 367, 370 (Tex.1978). We hold this rule applies with equal force where a supplemental petition is filed rather than an amended petition. Consequently, we sustain point of error three and modify the judgment by excluding the $35,-630.25 awarded as prejudgment interest.

The judgment of the court below is affirmed as modified.