**ALLIED BANK OF DALLAS,
Appellant,**

v.

**PLEASANT HOMES, INC. and Ray J.
Stockman, Appellees.**

**No. 05–87–01023–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 23, 1988.
Rehearing Denied Oct. 3, 1988.

John A. Gilliam, Louis J. Weber, Jr., Charles A. Gall, Dallas, for appellant.

Joe N. Boudreaux, Gary Johnson, Dallas, for appellees.

Before DEVANY, STEWART and HECHT, JJ.

HECHT, Justice.

Allied Bank of Dallas appeals by writ of error from a $795,000 default judgment taken against it by Pleasant Homes, Inc. and its president, Ray J. Stockman (together referred to as "Stockman"). To prevail, Allied must show error apparent from the face of the record.[1] *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982); *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W. 2d 640, 642 (Tex.App.—Dallas 1987, no writ). We hold that Allied has shown two such errors, viz.: that Stockman's claims are barred either by res judicata or by Texas Rule of Civil Procedure 97, and that Stockman did not strictly comply with the proper method of service of process upon Allied. We further hold that Allied is not precluded from complaining of these errors by its failure to have filed a motion for new trial. Consequently, we reverse the judgment of the trial court and remand the case for further proceedings.

## I

In its first point of error Allied complains that Stockman's pleadings cannot support a default judgment because those pleadings themselves establish that Stockman's claims are barred by res judicata or Texas Rule of Civil Procedure 97. We agree.

Stockman's pleadings *allege* the following. This is the third suit between Allied and Stockman. In the first case, Stockman sued Allied for wrongful foreclosure of a

---

1. Stockman does not dispute that Allied meets the other three requirements for a writ of error, namely, that it is a party to this case, that it did not participate in the trial, and that it brought this writ of error within six months of the judgment of the trial court.

lien securing a certain promissory note. Stockman agreed to a dismissal of that case with prejudice upon Allied's representation that it would release him from liability on all his other promissory notes and guaranties to Allied. Contrary to that representation, however, Allied then sued Stockman on those same notes and guaranties and, in that second case, obtained a judgment against him. Now, in this third case, Stockman claims that by filing the second case, Allied breached the representation made to gain dismissal of the first case. The petitions and judgments in the first and second cases are attached to Stockman's pleadings in the third case.

The record in the instant case does not reflect whether Stockman asserted the claims here made, in the second case. If he did, the judgment in favor of Allied in the second suit would necessarily have adjudicated those claims adversely to Stockman, and he would be barred from relitigating them by the doctrine of res judicata. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816 (Tex.1984). If Stockman did not assert in the second suit the claims he now makes in this third suit, those claims, which were clearly compulsory counterclaims in the second suit, are barred by rule 97. *See Jack H. Brown & Co. v. Northwest Sign Co.,* 718 S.W.2d 397 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Thus, in all events—if his claims in the instant case were made in the second case or even if they were not—Stockman's claims are barred, and this bar is apparent on the face of his pleadings.

■ A pleading which fails to state a cause of action cannot support a default judgment. *Stoner v. Thompson,* 578 S.W. 2d 679 (Tex.1979). The infirmity in Stockman's petition, however, is not that it fails to state a cause of action, but that it alleges facts which, if true, would bar recovery. Stockman argues that even if his pleadings reflect that his claims are barred by res judicata or rule 97, Allied cannot avail itself of such bars by writ of error because they are affirmative defenses which it did not plead. Of course, Allied did not plead these or any other defenses because it nev-

er made any appearance in this case. In this writ of error proceeding Allied is entitled to complain of certain error notwithstanding its failure to appear and plead in the trial court.

■ The issue raised by Stockman, more precisely, is whether rendition of judgment on claims in pleadings which conclusively show that such claims, though perhaps valid, are barred, is error "apparent from the face of the record", and thus subject to challenge by writ of error. We hold that it is, at least in the circumstances presented here. *See Hicks v. Rapides Grocery Co.,* 101 S.W.2d 1042 (Tex.Civ.App.—El Paso 1937, no writ). Inasmuch as a default judgment rendered upon pleadings which fail to state a cause of action may be challenged by writ of error, one rendered upon pleadings which state a cause of action that is barred as Stockman's is, is subject to like challenge. Whether impediments to claims different from those apparent in Stockman's pleadings might be treated differently we need not consider here. Stockman's claims in this case are barred by his own allegations, if true, and Allied is entitled to complain by writ of error of a default judgment awarding recovery on such claims.

## II

■ In its second point of error Allied argues that the default judgment must be reversed because the record fails to show strict compliance with the required method of service of process. Again, we agree.

Stockman alleges in his petition:

Defendant Allied Bank of Dallas is a banking association organized in accordance with the laws of the State of Texas and maintains its principal place of business in Dallas County, Texas at the Allied Bank Tower, 1445 Ross Avenue, Dallas, Texas where service of process may be obtained on any Vice–President or the Cashier.

The manner of service of process upon banking associations is prescribed by Texas Revised Civil Statute Annotated article 342–915, which states:

The president, a vice president, or a cashier of a state bank is an agent of the bank on whom process, notice or demand required or permitted by law to be served on the bank may be served.

The citation in this case is directed to "allied Bank of Dallas by serving any vice-president or the cashier". The return recites that service was "[e]xecuted ... by delivering to the within named Allied Bank of Dallas, by delivering to it's [sic] agent of service, Beverly Walters, V.P."

Stockman does not allege in his petition that Beverly Walters is Allied's vice president, cashier or agent for service. Thus, Allied, by failing to answer, did not admit that Beverly Walters had any such capacity. *See Stra, Inc. v. Seafirst Commercial Corp.*, 727 S.W.2d 591, 593 (Tex.App.—Houston [1st Dist.] 1987, no writ). Moreover, there is nothing in the record to reflect that Beverly Walters is in fact Allied's vice president, cashier or agent for service.

■ The presumptions ordinarily indulged in support of valid service do not apply when a direct attack is made upon a default judgment. *See First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640 (Tex.App.—Dallas 1987, no writ). For a default judgment to be upheld on appeal, the record must affirmatively reflect strict compliance with the requirements for service of process. *See American Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). The record in this case does not affirmatively show that Beverly Walters is the appropriate agent for service. *See id.* at 765; *Bankers Life & Casualty Co. v. Watson*, 436 S.W.2d 404 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). Accordingly, Allied's second point of error is sustained.

### III

■ Stockman urges that Allied has failed to preserve its right to complain of the errors asserted because it did not file a motion for new trial. The record indicates that Allied had notice of the default judgment in time to file a motion for new trial but did not do so.

To support his argument, Stockman relies heavily upon *Tankard–Smith, Inc. v. Thursby*, 663 S.W.2d 473 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). We read *Tankard–Smith* not to support Stockman's argument but to contradict it. The court in that case allowed the appellant, without its having raised the issue in a motion for new trial, to complain, albeit unsuccessfully, that there had not been strict compliance with the requirements for proper service. This is, of course, one of the complaints Allied makes in the instant case. The complaint the court in *Tankard–Smith* did not allow the appellant to make without having raised it in a motion for new trial was that the trial court erred in severing the judgment appealed from to make it final. This complaint, unlike the errors Allied asserts which resulted in an improper rendition of judgment, occurred after the judgment was rendered and did not affect its validity.

In *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640 (Tex.App.—Dallas 1987, no writ), this court held that a motion for new trial is not a prerequisite to raise by writ of error a complaint that was not made in the trial court due to the very non-participation in the proceedings that entitled appellant to appeal by writ of error. The court reasoned:

> The argument that an appellate court on an appeal by writ of error may only review error objected to in the trial court would destroy a remedy designed to protect defendants who have been wronged in proceedings where for reasons beyond the scope of the trial they were not present. Furthermore, it would vitiate the remedy of review by writ of error.

*Id.* at 646. In the instant case, although it appears that Allied may have had the opportunity to move for new trial, its failure to do so does not preclude it from complaining by writ of error of error on the face of the record.

### IV

Having sustained Allied's points of error

one and two,[2] we conclude that the judgment of the trial court must be reversed. Allied requests us to render judgment that Stockman take nothing by his claims. Although we have concluded that Stockman's claims stated in his petition are barred, it is at least theoretically possible that he could amend to state valid claims. We are therefore unwilling to render judgment for Allied and instead, remand the case for further proceedings.

---

**2.** We do not address Allied's points of error three and four, which complain that the evidence does not support the default judgment, nor its fifth point of error, which argues that the pendency of the second suit deprived the court of jurisdiction over this third suit.