**GIBRALTAR SAVINGS ASSOCIATION, Appellant,**

v.

**Wade A. KILPATRICK, Appellee.**

**No. 9683.**

Court of Appeals of Texas, Texarkana.

March 21, 1989.

Rehearing Denied April 11, 1989.

Marsha Z. Gerber, Joe C. Holzer, Butler & Binion, Houston, for appellant.

Steven L. Scheinthal, Fred W. Stumpf, Stumpf & Falgout, Houston, John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Gibraltar Savings Association appeals by writ of error from an adverse default judgment. It contends that the judgment is invalid because of improper service of citation; insufficiency of evidence to establish a causal nexus between the event sued on and the damages; insufficiency of the evidence establishing the amount of damages; and the judgment is interlocutory. We overrule all points and affirm the judgment.

The suit arose out of the sale of a shopping center from Gibraltar to Wade Kilpatrick. Kilpatrick discovered that a previous owner had conveyed two perpetual easements across the property, which had not been revealed or excepted in Kilpatrick's deed.

In his petition Kilpatrick alleged that Gibraltar warranted and falsely represented that it had good title to the property free of

easements; that Kilpatrick relied on the representations; that the representations were willful, malicious, and wanton; that the property's market value decreased because of the easements; and that the price paid for the property was based on its value without the easements. Gibraltar failed to answer Kilpatrick's suit. Its default constituted an admission of all the allegations in Kilpatrick's petition. *Stra, Inc. v. Seafirst Commercial Corp.*, 727 S.W.2d 591 (Tex.App.–Houston [1st Dist.] 1987, no writ).

■ A writ of error is but another mode of appeal. *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); Tex.R.App.P. 45. Where available, it affords review of the entire trial proceedings the same as an ordinary appeal. Reference may be had to all matters shown by the record, including the statement of facts, in testing the validity of the judgment. *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640 (Tex.App.–Dallas 1987, no writ); *Morales v. Dalworth Oil Co.*, 698 S.W.2d 772 (Tex.App.–Fort Worth 1985, writ ref'd n.r.e.); *Spears v. Brown*, 567 S.W.2d 544 (Tex.Civ.App.–Texarkana 1978, writ ref'd n.r.e.).

■ Gibraltar first argues that the judgment is invalid because the record fails to show strict compliance with the rules respecting the service and return of citation. The presumptions ordinarily made in support of proper service do not apply when a direct attack *is* made on a default judgment. The record in such a case must show strict compliance with the Rules of Civil Procedure respecting service of process. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Dan Edge Motors, Inc. v. Scott*, 657 S.W.2d 822 (Tex.App.–Texarkana 1983, no writ).

■ Gibraltar makes four attacks on the service and return of process. The first attack contends that proper service was not shown because the constable's return stated that the "writ" was "executed" rather than the citation was served. This contention is without merit. A citation is a writ, and a statement that it was "executed" by delivering a copy to the proper person to be served is sufficient to show

service. *Houston Pipe Coating v. Houston Freightways*, 679 S.W.2d 42 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). The second attack contends that the record fails to show proper service because the defendant named in the petition and the party to whom citation was issued was "Gibraltar Savings Association," while the return shows that citation was delivered to "Gibraltar Savings Association, *a corporation* (emphasis added)." Gibraltar asserts that the words "a corporation" indicate that an entity other than the defendant was served. *See Brown–McKee, Inc. v. J.F. Bryan & Associates*, 522 S.W.2d 958 (Tex. Civ.App.–Texarkana 1975, no writ).

The constable's return is a preprinted form with blanks to be filled in upon its execution. The blank for the name of the party served is filled in by handwriting as "Gibraltar Savings Association." Following the blank, the preprinted form continues with the words "a corporation." The printed words "a corporation" were not marked out. Handwritten notations on the return are entitled to more weight than preprinted language and will control in case of a conflict. *Payne & Keller Co. v. Word*, 732 S.W.2d 38 (Tex.App.–Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Maritime Services, Inc. v. Moller S.S. Co.*, 702 S.W.2d 277 (Tex.App.–Houston [1st Dist.] 1985, no writ); *Houston Pipe Coating v. Houston Freightways*, supra. The constable's handwritten language indicating service on Gibraltar Savings Association is sufficient to show service on the correct entity. Moreover, unlike the return in *Brown–McKee, Inc. v. J.F. Bryan & Associates*, supra, the word corporation in this case does not purport to be part of the defendant's name, but rather a designation of its legal nature. Gibraltar argues that it is not a corporation, but is a savings association. However, it states in its petition for writ of error in this Court that it is a Texas savings and loan association *formed pursuant to Tex.Rev.Civ.Stat.Ann. art. 582a* (sic) (should be Article 852a) in 1921. Savings and loan associations organized pursuant to the Texas savings and loan law are corporations. *Prudential Building &*

*Loan Ass'n v. Shaw,* 119 Tex. 228, 26 S.W. 2d 168 (Comm'n App.1930, opinion adopted); Tex.Rev.Civ.Stat.Ann. art. 852 et seq. (Acts 1st C.S.1913), now Tex.Rev.Civ. Stat.Ann. art. 852a, § 3.02 (Vernon 1964), §§ 2.01, 2.08, 2.10, 2.11, 4.01, 10.01 (Vernon Supp. 1989); *see also, Brazosport Savings and Loan Association v. American Savings and Loan Association,* 161 Tex. 543, 342 S.W.2d 747 (1961); *Gerst v. Nixon,* 399 S.W.2d 845 (Tex.Civ.App.–Austin), *aff'd,* 411 S.W.2d 350 (Tex.1966). Additionally, Gibraltar's deed to Kilpatrick, which forms the basis of this suit and which was introduced in evidence in the trial court, states that it is acknowledged by Charles Ackerman, senior vice-president of "GIBRALTAR SAVINGS ASSOCIATION, a Texas corporation, on behalf of said corporation."

■ The third attack contends that the wrong agent for service was served. The citation was directed to J. Livingston Kosberg, chief executive officer, but the return shows it was received by Milton Cowden, senior vice-president.

Savings and loan associations are governed by Tex.Rev.Civ.Stat.Ann. art. 852a (Vernon 1964 & Supp.1989). However, matters affecting those entities which are not covered by Article 852a are governed by the Business Corporation Act. Tex.Bus. Corp.Act Ann. art. 9.14 (Vernon 1980). Because Article 852a is silent on the manner a savings and loan association is to be served, Tex.Bus.Corp.Act Ann. art. 2.11 (Vernon 1980) controls, providing that service may be had on any vice-president.

The constable's statement on the return that Milton Cowden is a senior vice-president is prima facie evidence that he was that officer, and obviates the necessity of further proof of that fact. *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113 (Tex. Civ.App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.); *NRTRX Corp. v. Story,* 582 S.W.2d 225 (Tex.Civ.App.–Fort Worth 1979, writ ref'd n.r.e.); *Pipe Line Park Properties, Inc. v. Fraser,* 398 S.W.2d 154 (Tex. Civ.App.–Dallas 1965, no writ); *contra, Allied Bank of Dallas v. Pleasant Homes, Inc.,* 757 S.W.2d 460 (Tex.App.–Dallas 1988, n.w.h.). Since the return shows that the citation was delivered to an officer pursuant to Tex.Bus.Corp.Act Ann. art. 2.11, unlike those cases where the return recites service on one purporting to be an "agent" for service, the record of service is sufficient, and no additional evidence was required to show that Cowden was, in fact, an officer competent to receive service. *Pipe Line Park Properties, Inc. v. Fraser,* supra.

■ In its final attack on service, Gibraltar maintains that the record does not show that the returned citation was on file ten days before the default judgment was signed. Tex.R.Civ.P. 107 provides that default judgment may be rendered if the citation with proof of service has "been on file with the clerk" for ten days exclusive of the day of filing and the day of judgment. Although the citation in this case is stamped "entered" and "verified," followed by initials, the date it was filed is not actually shown on the citation itself. However, the record contains a verified copy of a computer printout entitled "Justice Information and Management Systems—Service of Documents," which states that citation in this case was served on November 23, 1987, and was received by the clerk on November 30, 1987. The judgment was signed on February 8, 1988. The district clerk's certificate attached to the computer printout states that it was abstracted from the original record in his possession, electronically stored and retrieved, and is a true reflection of the original record. This constitutes sufficient record proof that the citation was on file the required ten days before judgment.

Gibraltar argues that because the printout was not prepared until after the judgment was signed, there was no record before the judge at the time he signed it that showed the citation had been on file ten days. We disagree. Computers are increasingly used to record filings and other events in judicial proceedings. Those computer records can be displayed on screens for examination the same as records printed on paper. The fact that the computerized record has not yet been reduced to paper writing does not mean it is not a part

of the court record, so long as it is capable of being transcribed.

■ Gibraltar next argues that there is no evidence or insufficient evidence to establish a causal nexus between the event sued upon and the injury. As a general rule, no evidence is required to support a default judgment because the defendant's failure to answer is taken as an admission of the allegations in the plaintiff's petition. Proof is required only with respect to damages that are unliquidated or not proven by written instrument. *Stra, Inc. v. Seafirst Commercial Corp.*, supra; *First National Bank of Irving v. Shockley*, 663 S.W.2d 685 (Tex.App.–Corpus Christi 1983, no writ). Considering the facts which were deemed admitted in this case by Gibraltar's failure to answer, there is sufficient evidence to show that the damages suffered by Kilpatrick were caused by Gibraltar's conduct.

■ In its third point of error, Gibraltar argues the evidence offered by Kilpatrick was merely conjectural and did not prove damages with reasonable certainty. Considering all the evidence in the record, we find the evidence was sufficient to support the damages awarded. W.R. Murphy, MAI, was hired to study the impact of the easements on the property. He used the method of rent reduction, and arrived at a negative impact range of $60,000–$145,000. This amount was based on 5¢–15¢ per square foot and a 90% occupancy. He considered rental income from the affected portions of the center versus the unaffected portions. In addition to the diminished value caused by the easements, there was physical damage of a continuing nature to the property, as well as the loss of tenants due to the easements' impact on their businesses. The $100,000 awarded by the trial court for actual damages is a justifiable amount and well within the range calculated by the MAI.

Exemplary damages were properly awarded because Kilpatrick's suit was brought pursuant to Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1987), which allows for such damages when a person defrauds another by knowingly making a false representation in a real estate transaction.

The final point urged by Gibraltar is that the judgment was interlocutory. Kilpatrick requested additional consequential damages in his alternative theory of fraud under Tex.Bus. & Com.Code Ann. § 27.01. Also, in his final prayer he asked for "such other and further relief, in law or *in equity*, to which Plaintiff may be entitled (emphasis added)." Gibraltar argues that because Kilpatrick was not awarded additional consequential damages or any equitable relief, the judgment did not dispose of all the issues.

A final judgment is one that determines the rights of the parties and disposes of all the issues involved, so that no further action by the trial court will be necessary in order to settle and determine the entire controversy. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); *K & S Interests v. Texas American Bank/Dallas*, 749 S.W.2d 887 (Tex.App.–Dallas 1988, writ denied). However, the presumption of finality of judgments does not apply to default judgments. *Houston Health Clubs v. First Court of Appeals*, 722 S.W.2d 692 (Tex.1986).

Some of Kilpatrick's damages were consequential, and the total amount was the exact amount requested in his final prayer. An award of additional damages would amount to more than he requested. Since the judgment disposed of all the issues and awarded the exact amount requested by Kilpatrick and left nothing further to be litigated or adjudicated, it was a final judgment.

For the reasons stated, we affirm the judgment of the trial court.

BLEIL, Justice, dissenting.

Gibraltar appeals by writ of error from a default judgment. In order to succeed, it must show four elements: (1) the appeal must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) the error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Servic-*

*es*, 627 S.W.2d 390 (Tex.1982). There can be no doubt that the first three elements are shown—no question about these elements has been raised by any party or the majority of this Court. Thus one critical question is before this Court, namely, whether there exists error on the face of the record. In assessing whether this element exists, courts have required that strict compliance with the service requirements affirmatively appear on the face of the record. *McKanna v. Edgar*, 388 S.W. 2d 927 (Tex.1965). Gibraltar argues that the record fails to show strict compliance with the rules concerning service of process.

In answering this question, certain standards of review apply. When a direct attack is made upon a default judgment, no presumptions are made in support of the judgment. Unless strict compliance with the service of process requirements affirmatively appears on the face of the record, the judgment is invalid. *See Id.; Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Roberts v. Stockslager*, 4 Tex. 307 (1849).

With these standards in mind, I turn to the "face of the record." [1] The citation directed the sheriff or constable to deliver the citation and petition, as follows:

Gibraltar Savings Association may be served by serving its Chief Executive Officer
J. Livingston Kosberg
13401 North Freeway
Houston, Texas 77067

The deputy constable returned the citation to the court saying that he executed it by summoning:

---

1. The majority, in examining what the "face of the record" shows, proceeds to examine the *evidence* adduced at the default judgment hearing and the law governing savings and loan associations, Tex.Rev.Civ.Stat.Ann. art. 852a (Vernon 1964 & Supp.1989).

2. I do not choose to engage in legal niceties of organizational structure or an interpretation of Tex.Rev.Civ.Stat.Ann. art. 852a to determine the legal status of a savings and loan association formed pursuant to that statute. The face of the record shows that Gibraltar was not even alleged to be a corporation; when Gibraltar ultimately did appear in this proceeding by petition for writ of error, it alleged that it was not a

---

Gibraltar Savings Association, a corporation, by delivering to Milton W. Cowden, in person, Senior Vice President of the said Corp (sic) a true copy of this writ, together with accompanying certified copy plaintiff's original petition.

The record clearly shows that the "Association" could be served by serving J. Livingston Kosberg. A "corporation" was served by serving Milton W. Cowden, in person, a vice-president of "said Corp (sic)." I cannot join in holding that, indulging no presumptions in support of the validity of the service of process, the face of the record shows strict compliance with the service of process requirements.[2]

I dissent.

---

corporation. Gibraltar Savings Association alleged that it was a Texas savings and loan association. It appears curious that when no one claims—in the record—that Gibraltar is a corporation, the majority nevertheless finds it to be a corporation, on the "face of the record." Assuming the majority's position in this regard to be correct, a defect still exists. The most closely analogous case to the one now before us is *Allied Bank of Dallas v. Pleasant Homes, Inc.*, 757 S.W.2d 460 (Tex.App.–Dallas 1988, n.w.h.), which arrives at exactly the opposite conclusion as does today's majority, which dismisses the *Allied* decision without comment.