**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Val CASBURG, Individually and As Personal Representative of The Estate of Charles Casburg, Deceased, and on Behalf of All Others Similarly Situated, Appellee.**

No. 09–01–231 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 20, 2001.

Decided Dec. 20, 2001.

---

Marc A. Sheiness, Sheiness, Scott Grossman & Cohn, L.L.P., Houston, Robert F. Johnson, Cook & Franke, S.C., Wilwaukee, WI, for appellant.

James A. Holmes, Wellborn, Houston, Adkison, Mann, Sadler & Hill, LLP, Henderson, Ethan L. Shaw, Moore Landry, LLP, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Charles Casburg obtained a motor vehicle insurance policy from Dairyland County Mutual Insurance Company of Texas. When he applied for the policy, Charles Casburg signed a rejection box, which stated, "I reject UM/UIM B.I. and P.D. coverage in its entirety." Mr. Casburg perished in a motor vehicle accident during a renewal term of the policy. Acting individually and in her capacity as personal representative of her husband's estate, Val Casburg, his widow, sued Dairyland for a declaratory judgment invalidating the rejection of uninsured motorist/underinsured motorist coverage, for an injunction against denying claims based upon the rejection form, and for damages for negligence and breach of contract. Casburg sought class certification. She later amended the pleadings to drop the negligence and breach of contract claims. On May 8, 2001, the trial court certified a mandatory class defined as all individuals or entities who purchased automobile insurance from Dairyland in Texas after June 1, 1994, who also executed an uninsured/underinsured motorist coverage selection/rejection form declining to accept the coverage, and "all individuals or entities qualifying as 'covered persons' under the terms of the associated policies." Dairyland pursued this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.2002). The

appellant's brief presents two issues: 1) whether the trial court abused its discretion in granting the appellee's Motion for Class Certification; and 2) whether the class in this case satisfies the required elements of Tex.R. Civ. P. 42.

In support of her motion for class certification, Casburg alleged: "Each member of the Class will have executed a form containing the identical omissions and have been subjected to DAIRY-LAND's policy of denying the existence of uninsured motorist coverage on effected policies." The trial court conferred class action status to Casburg's suit pursuant to Tex.R. Civ. P. 42(b)(2).[1] On appeal, Dairyland argues that, even if Casburg satisfied the Rule 42(a) prerequisites for class certification, the class lacks the cohesiveness essential to a Rule 42(b)(2) mandatory class. The federal courts interpreting Federal Rule of Civil Procedure 23(b)(2) have warned against attempts to "shoehorn" damages actions into the (b)(2) class framework. *See Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir.2000).[2] A(b)(2) class is presumed to be homogenous because of the group nature of the relief sought. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir.1998). Nonequitable monetary relief may be obtained in a(b)(2) class action only if the predominant relief sought is injunctive or declaratory. *Id.* at 425. The mere recitation of a request for declaratory relief cannot transform damages claims into a(b)(2) class action. *Bolin*, 231 F.3d at 978. Nor is it proper to certify a class under (b)(2) where the declaratory relief is used simply to lay the basis for a later

damage award. *Sarafin v. Sears, Roebuck and Co.*, 446 F.Supp. 611, 615 (N.D.Ill. 1978). If significant individual issues pervade the action, certification of a(b)(2) class might prejudice the absent class members whose claims present different individual issues than those of the class representative. *Barnes v. American Tobacco Co.*, 161 F.3d 127, 143 (3rd Cir.1998). Little value is gained from a class action where factual distinctions make the class unmanageable. *Id.*

In *Bolin*, the vast majority of the class members had already been exposed to the defendant's improper collection efforts and would benefit only from damages. *Bolin*, 231 F.3d at 978. In this case, the class consists of all of Dairyland's post-June 1, 1994, automobile insurance purchasers who executed a form rejecting uninsured/underinsured motorist coverage, and all individuals or entities qualifying as "covered persons" under the terms of those policies. The class definition includes persons who suffered no pecuniary loss because they were not involved in an accident with an uninsured or underinsured motorist, and persons who have a claim for damages against Dairyland because they were injured in an accident with an uninsured or underinsured motorist while insured by Dairyland. The only persons who could benefit solely from an injunction against denying claims based upon the rejection form, or corresponding declaratory relief, are those covered persons who have been injured in an accident with an uninsured or underinsured motorist but who have not yet made a claim on the policy. For all other persons in the

---

1.  "[T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...."

2.  Because Rule 42(b)(2) is patterned after Federal Rule of Civil Procedure 23(b)(2), opinions interpreting the federal rule are persuasive authority. *See Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 433 (Tex.2000).

class, including Casburg, there is either no benefit to a declaration voiding the rejection form, or a separate action for damages would be required regardless of the outcome of the declaratory judgment action.

■ Casburg seeks a judicial determination that the rejection forms utilized by Dairyland are void because the forms do not include an express, written rejection in language demonstrating that the insured has some knowledge of what he is rejecting. The controversy between Dairyland and the members of the class cannot be resolved by a declaratory judgment that resolves only that issue. The statute that requires a written rejection of the coverage in question requires no special language to effect that rejection. TEX. INS. CODE ANN. art. 5.06–1 (Vernon 1981); *see Ortiz v. State Farm Mut. Auto. Ins. Co.,* 955 S.W.2d 353, 357 (Tex.App.-San Antonio 1997, pet. denied). Since the class is composed of persons who either signed a rejection of uninsured/underinsured motorist coverage or persons who are covered under policies in which the insured rejected the coverage, whether the rejection was made knowingly is unavoidably an issue for each member of the class.

We hold that the trial court abused its discretion by ordering certification of the class under Rule 42(b)(2). Issue one is sustained. We reverse the class certification order and remand the cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.