In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-523 CV


____________________



COMPAQ COMPUTER CORPORATION, Appellant



V.



MICHAEL ALBANESE, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Court Cause No. D-164,939






OPINION


 This is an interlocutory appeal by Compaq Computer Corporation from an order
certifying a class under Texas Rules of Civil Procedure 42(b)(1)(A) and 42(b)(2). With
some exceptions, the class generally consists of all United States residents and citizens
who, on or after April 1, 1997, purchased certain Compaq products and received a written
limited warranty. 


 The class representative, Michael Albanese, bought a Compaq laptop computer in
April 1999 from Best Buy. After experiencing problems with the laptop, Albanese
returned it to Best Buy on a number of occasions. Efforts to repair the computer were not
successful. Albanese says Best Buy told him the problem was not covered under the
warranty and could not be fixed. When Albanese telephoned Compaq, a recorded message
said he might be charged a fee. Albanese hung up. Albanese sued Compaq on behalf of
himself and a putative nationwide class of purchasers of certain Compaq products. The
Compaq products were sold with a written limited warranty against "defects in materials
or workmanship during normal use[.]" The petition asserts (1) a declaratory judgment
action and asks for supplemental relief and (2) a claim for equitable and legal relief, other
than damages, for violation of the Magnuson Moss Warranty Act (MMWA). See 15
U.S.C.A. §§ 2301-2312 (West 1998).

 The limited warranty includes language substantially as follows, which Albanese
says violates the MMWA:

 Except as expressly set forth in this [warranty], Compaq makes no other
warranties, express or implied, including any implied warranties of
merchantability and fitness for a particular purpose. Compaq expressly
disclaims all warranties not stated in this [limited warranty]. Any implied
warranties that may be imposed by law are limited to the terms of this
[express limited warranty]. 

Albanese seeks a declaration that the warranty violates the MMWA's prohibition against
disclaiming or modifying implied warranties. See 15 U.S.C.A. § 2308 (West 1998). 
Although he does not seek damages in this suit either for himself or the class members,
Albanese has filed a separate breach of warranty lawsuit. In his brief on appeal he says:
"This is not a breach of warranty lawsuit. Breach of warranty is not even an element of
any claim in this lawsuit." 

 Albanese explains he seeks a declaratory judgment under the Uniform Declaratory
Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-37.011 (Vernon 1997 &
Supp. 2004). He cites to the following language in section 37.004 of the Texas Civil
Practices and Remedies Code in support of this cause of action: 

 § 37.004. Subject Matter of Relief

 (a) A person interested under a deed, will, written contract, or other writings
constituting a contract or whose rights, status, or other legal relations are
affected by a statute, municipal ordinance, contract, or franchise may have
determined any question of construction or validity arising under the
instrument, statute, ordinance, contract, or franchise and obtain a declaration
of rights, status, or other legal relations thereunder. 

 (b) A contract may be construed either before or after there has been a
breach.


The requested declaratory relief sought by Albanese is described in his fourth amended
petition as follows:

 that: [1] the stated limitation, disclaimer, modification, or exclusion of
implied warranties stated in the Affected Warranty is prohibited by, and
made ineffective by, 15 U.S.C. § 2308 and is void; [2] when the Affected
Products were sold, the Plaintiff and class had valid implied warranties that
apply to all Affected Compaq Products and the duration of the implied
warranties was and is not limited to the duration of the express warranty; [3]
Compaq may not deny or impede implied warranty claims with respect to
Affected Compaq Products on the ground that the Affected Warranty
excludes, disclaims, or modifies implied warranties; [4] Compaq is required
to notify all persons with an Affected Warranty [i] of the foregoing
declarations, [ii] that they possess more expansive rights than provided under
the Affected Warranty, and [iii] that the duration of the implied warranty is
not limited to the duration of the Affected Warranty; [5] while Plaintiff does
not seek reformation under state law, Compaq is required to provide the
class members with a substitute warranty or other appropriate notice that
omits the language that excludes implied warranties and which substitute
warranty or other notice otherwise comports with the foregoing and the
Magnuson Moss Act: and [6] such other more particular or ancillary
judgments regarding the construction or validity of the Compaq warranty or
said laws or the rights, status, or legal relations affected by the Compaq
warranty or said laws, regarding implied warranties and the other matters
pleaded above, as may be subsumed or related by or to any of the foregoing
or as may be required to make relief effective and complete or end these
controversies . . . . 


 . . . Plaintiff and all members of the class are further entitled to
supplemental relief under CPRC § 37.011, as may be necessary or proper
after adjudication by declaratory judgment. 


Under the Declaratory Judgments Act, a person interested under a written contract, or
whose rights are affected by a statute, may have determined a question of construction or
validity arising under the contract or statute and obtain a declaration of rights. See Tex.
Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon 1997). 

 The second cause of action, alternatively pleaded by Albanese, is under 15
U.S.C.A. § 2310(d) of the MMWA, which provides: 

 §2310. Remedies in consumer disputes 

 . . . .

 (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of
costs and expenses; cognizable claims

 (1) Subject to subsections (a)(3) and (e) of this section, a consumer who
is damaged by the failure of a supplier, warrantor, or service contractor to
comply with any obligation under this chapter, or under a written warranty,
implied warranty, or service contract, may bring suit for damages and other
legal and equitable relief[.] 


15 U.S.C.A. § 2310(d) (West 1998). The relief requested by Albanese under section
2310(d) in his fourth amended petition is as follows:

 For Plaintiff and the class, alternatively seek "legal and equitable relief,"
other than damages, directly under 15 U.S.C. § 2310(d); being: declaratory 
and equitable relief substantially similar to the relief sought in the First
Cause of Action pleaded above and appropriate legal and equitable orders
implementing said remedial judgments and assuring compliance. 


The statute provides that a consumer who is damaged may sue a supplier for its failure to
comply with an obligation under the MMWA; and the obligations under the Act include
the substantive requirements in section 2308. See Gorman v. Saf-T-Mate, Inc., 513
F.Supp. 1028, 1031 (N.D. Ind. 1981) (Individual consumers are authorized by separate
provisions [section 2310(c)(d)] of the Act to sue to enforce the substantive obligations
under the Act). Albanese is not precluded by the Act from suing for a declaratory
judgment to determine warranty rights affected by the MMWA. 

 The trial court's class certification order includes findings of fact, conclusions of
law, and a trial plan. The order anticipates declaratory, equitable, and legal relief other
than damages. The order provides that no breach of warranty will be permitted to be
asserted and "damages are not sought." The order is not explicit as to the applicability of
notice and opt-out protection for class members. However, a claims process identifying
the members of the class is anticipated and the order references "special notice and a right
of appearance" granted by Rule 42(c). (1) 

 After the parties filed their first briefs, the Supreme Court issued its opinion in
Compaq Computer Corp. v. LaPray, 135 S.W.3d 657 (Tex. 2004). Compaq says LaPray
requires reversal of this certification order because the order does not rigorously analyze
the cohesiveness of the class or notice and opt-out rights. Albanese says we should not
remand the case because the class does not assert a breach of warranty claim, the trial
court did perform a rigorous analysis of cohesiveness and choice of law, the trial court
found the substantive law permits declaratory and equitable relief without the need to show
a breach of warranty, and notice and opt-out rights are not required because the class does
not seek damages. 

 The record reflects the trial court's careful review of numerous issues presented by
the parties, but it is not apparent from the certification order the court focused on the 
necessity of providing opt-out rights to class members if more than declaratory relief is to
be provided. This is a mandatory class certification order that anticipates providing
nationwide legal and equitable relief to the exclusion of damages. For example, in the
section of the order listing the issues to be tried, the court lists, in quotes, "Other legal and
equitable relief" under 15 U.S.C. § 2301(d). It is clear from the order that those remedies
will not include damages. In LaPray the Supreme Court said that an appellate court cannot
effectively review a certification order that does not say how, if any, notice and opt-out
rights will be provided. LaPray, 135 S.W.3d at 668. The Court stated that "if damage
claims are implicated, constitutional considerations will likely mandate such protections." 
Id. Damages may be "implicated" though not asserted by the class representative. We
conclude it is necessary to remand this case for further analysis of the cohesiveness of the
class, choice of law, joinder of the declaratory relief and the Section 2310(d) relief, and
notice and opt-out rights by the trial court in light of LaPray. 

 The cohesiveness of the class is a due process concern. Mandatory classes -- classes
with no possibility of exit -- require the class members' interests be homogenous. See id.,
135 S.W.3d at 670. A mandatory class member is thought not to have an individual right
to a result independent of any other class member. See generally Dairyland County Mut.
Ins. Co. of Texas v. Casburg, 63 S.W.3d 590, 592 (Tex. App.--Beaumont 2001, pet.
dism'd w.o.j.) ("If significant individual issues pervade the action, certification of a (b)(2)
class might prejudice the class members. . . ."). Because of the presumed cohesiveness
of the class, no opportunity to exit is mandated by Rule 42 for a (b)(1) or (b)(2) class. 
See LaPray, 135 S.W.3d at 664, 670. (2)

 The degree of cohesiveness of the mandatory class -- its unity -- is the rationale for
the lack of opt-out rights. An adjudication of absent class members' interests may be
unfair if those interests conflict with those of the class representative, and the absent
parties are given no opportunity to exclude themselves from the class action. See
generally LaPray, 135 S.W.3d at 668 (If some purchasers suffered damages disclaimed
by the class, their inclusion in a mandatory class may be improper.). The requirements
for certification of a mandatory class must be strictly followed to assure the necessary class
cohesiveness. (3) 

 The certification order says "[i]f proof of claims are required," "the Court can
fashion a proof of claim process[,]" and says "[a]t this point, the only issue that will be
covered by the proofs of claim is membership in the class." The order explains that "[a]s
damages are not sought, the only purpose of the proof of claim is to further identify the
members of the class and confirm that a particular person obtains the declaratory,
supplemental, and equitable relief that may be recovered." And "[i]f disputes arise
concerning any issue covered by the proof of claim for any individual or individuals, then
the dispute could be resolved by the Court or a jury." 

 If the only remedy sought here is declaratory relief, it is unclear why a claims
process with individual proof of claim is anticipated or what "other legal and equitable
relief" is to be provided in that process. On the other hand, if the intent of the claims
process here is to confirm that individual class members obtain repair, replacement, refund
or other relief (other than damages) enforced by an injunction, it is unclear how liability
will be determined on an individual claim basis, and it is unclear why a monetary damages
remedy would not be preferable by some or would not be precluded by the final judgment
in this case. (4) 

 The trial court considered the preclusive effect of the judgment on absent class
members and stated, "Compaq made a strong objection based on the potential that the
judgment in this case would be impermissible claims splitting and that res judicata may
preclude the claims of absent class members for breach of warranty." The Court stated
it was "concerned with the objection," but found that the concerns and objections "are not
a reason to deny certification." The trial court concluded any claims, other than the same
claims "for declaratory and equitable relief that are being litigated in this lawsuit," would
not be barred "in a subsequent action." However, it is unclear what relief under the
MMWA the trial court anticipates in its trial plan by use of the terms "other legal and
equitable relief,""supplemental" relief, and "corresponding" relief. (5) If more than a
declaratory judgment is anticipated, and a remedy other than damages is to be provided to
an individual consumer with a defective product, that elected remedy may foreclose a later
damage remedy by the same consumer for the same product and notice and opt-out rights
will likely be required.

 The trial judge did not have the benefit of the Supreme Court's opinion in LaPray. 
The certification order suggests the trial court would certify a statewide class if a
nationwide class is inappropriate, and the alternative nature of the two causes of action and
the description of the anticipated claims process indicate the trial court may consider only
declaratory relief rather than a nationwide claims process for "other legal and equitable
relief," "supplemental," and "corresponding" relief. (6) As LaPray says, it is difficult for
an appellate court to effectively review a certification order that does not address notice
and opt-out rights. Here, without written analysis, the order does not provide opt-out
rights. If notice and opt-out rights are provided to a 42(b)(2) class, the class cohesion
analysis often "will be identical to the 'predominance and superiority' directive undertaken
by the trial courts certifying (b)(3) classes." LaPray, 135 S.W.3d at 671. But where the
class is mandatory, as here, the trial court must apply a more rigorous standard of class
cohesion, because the members will be bound by the judgment without the opportunity to
opt out. Id. (citing John C. Coffee, Jr., Class Action Accountability: Reconciling Exit,
Voice, and Loyalty in Representative Litigation, 100 Colum. L. Rev. 370, 435 (2000)). 
Rather than determine the issues in this appeal on this record, we reverse the certification
order and remand to the trial court for further analysis, considering LaPray, of the
appropriateness of the joinder of the two claims asserted here, the cohesiveness of the
(b)(2) class, the choice of law, and the due process requirements of notice and opt-out
opportunities for the proposed (b)(2) class. 

 The trial court also certified the class under 42(b)(1)(A). Schein makes clear a court
must not certify a mandatory class under (b)(1)(A) unless there is a palpable risk the
defendant will be placed in a position of being incapable of complying with one judgment
without violating the terms of another. Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675,
691-92 (Tex. 2002). Rule 42(b)(1)(A)'s criteria is not met merely by showing that
different courts might reach different results on similar claims. Id. There is an
insufficient showing of a palpable risk that Compaq's conduct, absent certification of this
class, would be bound by irreconcilably conflicting judgments. Regardless, the
certification under (b)(1)(A) should be analyzed the same as under (b)(2) for purpose of
notice and opt-out rights and the effect of the judgment on absent class members. The
class must be cohesive. We reverse and remand the (b)(1)(A) certification to the trial court
for further analysis in light of LaPray, and for required further development of the record
if separate certification under (b)(1)(A) is to be considered by the trial court. 

 Appellant's other arguments and issues likely will be impacted by the trial court's
additional proceedings. We therefore do not reach them in this appeal. The certification
order is reversed and this case is remanded for proceedings consistent with this opinion.


 REVERSED AND REMANDED.

 __________________________________

 DAVID GAULTNEY

 Justice

Submitted on September 23, 2004

Opinion Delivered December 22, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. We note the following footnote in Compaq Computer Corp. v. LaPray, 135 S.W.3d
657 (Tex. 2004) applicable here:

"At the time the class was certified, rule 42 (unlike its federal counterpart) required
individual notice to members of (b)(2) classes. Compare Tex. R. Civ. P. 42(c)(2), 553-554 S.W.2d (Tex. Cases) XXXVI-XXXVII (1977, amended 2004), with Fed. R. Civ. P.
23(c)(2) (individual notice required only for (b)(3) classes). Rule 42 was recently amended
to conform more closely to federal rule 23 and no longer mandates individual notice for
(b)(2) classes. See Tex. R. Civ. P. 42(c)(2)(A) ('For any class certified under Rule
42(b)(1) or (2), the court may direct appropriate notice to the class.')(emphasis added)." 
LaPray, 135 S.W.3d at 668 n.11.
2. Nevertheless, due process concerns may arise. See generally LaPray, 135 S.W.3d
at 667 (Due process concerns associated with individual notice and opt-out rights must be
considered in a (b)(2) class.). A final judgment in an action generally determines the
interests of the parties and is binding on them. See Gibraltar Sav. Ass'n v. Kilpatrick, 770
S.W.2d 14, 18 (Tex App.--Texarkana 1989, writ denied). Principles of claim preclusion
may operate to bar a party from subsequently asserting claims that were raised or could
have been raised in the first action. See generally Parklane Hosiery Co. v. Shore, 439
U.S. 322, 332, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (general principles of res judicata);
see generally LaPray, 135 S.W.3d at 664 (noting that defendants attempting to effect res
judicata may prefer (b)(2) certification over (b)(3)); see also Sanders v. Blockbuster, Inc.,
127 S.W.3d 382, 386 (Tex. App.--Beaumont 2004, pet. denied) (applying res judicata or
claims preclusion principles in class action settlement context).
3. Notice and opt-out rights will likely be required in a (b)(2) class where damage
claims are implicated, and damage claims are clearly implicated where they may be barred
by the judgment. A significant conflict among the class members or between the class
representative and class members regarding claims and remedies precludes a mandatory
Rule 42(b)(2) certification and would necessarily impact on the Rule 42(a) adequacy of
representation and typicality analysis. On remand the trial court must consider all the
requirements of Rule 42 if a class is to be certified. 
4. The interests of a consumer with a working product and a consumer with a
defective product may conflict. Rather than pursue a claim seeking a declaration that a
warranty disclaimer is invalid and requesting legal or equitable relief other than damages,
a consumer with a defective product may have an interest in asserting a claim for damages
under the MMWA. 
5. The order does not explain fully what that other relief will be. It is conceivable,
though the MMWA is federal law, that relief available to class members may vary,
because courts may look to state law in providing enforcement remedies under the MMWA
with respect to limited warranties. See Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405
(7th Cir. 2004). The certification order concludes the differences in state law are not
"outcome determinative," essentially because federal law governs the effect of the
disclaimer language, and the order also concludes without written analysis that the
differences in state law do not make Albanese's claim atypical. But LaPray requires an
analysis of the law applicable to the nationwide remedies to be provided in any claims
process. See generally LaPray, 135 S.W.3d at 672-681. Even if the remedies are the
same nationwide, this mandatory class is selecting remedies other than damages. The class
representative here seeks alternatively legal and equitable relief for a violation of the
MMWA as well as declaratory relief. In Texas it is at least unusual for a declaratory
judgment action to be joined with a mature liability claim on the same issues. See Texas
A & M Univ. Sys. v. Luxemburg, 93 S.W.3d 410, 425 (Tex. App.--Houston [14th Dist.]
2002, pet. denied). In a mandatory (b)(2) class action, joining the two types of causes and
electing a claim and a remedy for a nationwide class while abandoning the remedy of
damages raises cohesiveness concerns. See LaPray, 135 S.W.3d at 670.
6. Though efficient adjudication is one of the aims of a class action, the class action
procedure cannot be used in a way that modifies substantive law or deprives absent class
members of due process. See Southwestern Ref. Co. v. Bernal, 22 S.W.3d 425, 437 (Tex.
2000). The determination of the applicable substantive law in a nationwide class action is
therefore "of paramount importance." LaPray, 135 S.W.3d at 672. The trial court must
know what the possible applicable remedies will be so that it can determine the
cohesiveness of the class. See id. at 673-75; see Union Pac. Resources Group, Inc. v.
Hankins, 111 S.W.3d 69, 73 (Tex. 2003); see also Bernal, 22 S.W.3d at 435-36.